**Gordon Lynn MILES, Plaintiff–Appellant,**

v.

**DEPARTMENT OF THE ARMY, Defendant–Appellee.**

No. 87–15013.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 15, 1988.\*

Decided Aug. 7, 1989.

Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Gordon L. Miles, San Francisco, Cal., pro. per.

Stephen L. Schirle, Asst. U.S. Atty., San Francisco, Cal., for defendant-appellee.

Before FERGUSON, BRUNETTI and LEAVY, Circuit Judges.

FERGUSON, Circuit Judge:

Appellant Gordon Miles appeals from the district court's dismissal of his Title VII employment discrimination action. Miles' complaint alleges that his nonselection for promotion on six different occasions within the Department of the Army was the result of race discrimination. In filing his complaint, Miles requested appointed counsel pursuant to 42 U.S.C. § 2000e–5(f)(1)(B). Without ruling on Miles' motion for appointment of counsel, the district court granted the Government's motion to dismiss, finding that Miles had failed to exhaust his administrative remedies in a timely fashion on a majority of his claims and that he had failed to commence his action against the proper party within the relevant statutory period. We affirm in part and reverse in part.

I.

In September 1983, while an employee of the Army, Miles applied for a promotion to GS–7 Military Personnel Relations Technician. Following the denial of his promotion request, Miles initiated an administrative claim with the Equal Employment Opportunity Commission ("EEOC"), alleging that this nonselection [hereinafter "1983 claim"], as well as four earlier incidents of nonselection [hereinafter "pre–1983 claims"], were the result of race discrimination. The Equal Employment Opportunity ("EEO") counselor declined to accept the pre–1983 claims for investigation on the ground of untimeliness. The 1983 claim was accepted by the EEO counselor. The EEOC investigation and review of the 1983 claim culminated in a final EEOC decision finding no discrimination.

Miles then brought this Title VII action in a timely manner in federal court, alleging six counts of race discrimination, based on the pre–1983 and 1983 claims as well as a sixth claim arising out of a recent 1987 nonselection for promotion [hereinafter "1987 claim"]. Miles named the Department of the Army as the defendant in the action and served process on the Staff Judge Advocate's Office in the Presidio within the 30–day statutory period for filing suit. The Staff Judge Advocate's Office then mailed the copy of the summons and complaint to the U.S. Attorney's Office, which received these documents on or before July 6, also within the period for commencing a Title VII action.

Upon filing his Title VII complaint, Miles also made a motion for appointment of counsel, pursuant to 42 U.S.C. § 2000e–5(f)(1)(B). The district court clerk informed him that a ruling on his request for counsel would be deferred until the initial status conference scheduled for September 18, 1987. Miles subsequently received notice that the initial status conference had been continued to November 6.

In October 1987, the Government filed a motion to dismiss for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1). In its motion, the Government asserted that

Miles had failed to exhaust administrative remedies in a timely fashion with respect to the pre–1983 and 1987 claims of discrimination and argued that the district court lacked jurisdiction over the 1983 claim since Miles had failed to commence suit against the proper party within the applicable limitations period. Moreover, it contended that Miles' action should be dismissed with prejudice since an amended complaint naming the proper party would not relate back to the original filing date and thus would be barred by the statute of limitations.

On November 6, without holding a status conference or considering Miles' request for counsel, the district court granted the Government's motion to dismiss Miles' action with prejudice.

## II.

■■■ We review the dismissal of an action for lack of subject matter jurisdiction *de novo*. *Peter Starr Production Co. v. Twin Continental Films, Inc.*, 783 F.2d 1440, 1442 (9th Cir.1986). A district court's action or inaction regarding appointment of counsel is reviewed for abuse of discretion. *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir.1984); *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir.1981), *cert. denied*, 455 U.S. 958, 102 S.Ct. 1470, 71 L.Ed.2d 677 (1982).

## III.

■■■ As an initial matter, the district court did not err in dismissing Miles' pre–1983 and 1987 claims of discrimination. Federal regulations require that a federal employee bring his grievance to the attention of an EEO counselor within 30 calendar days of the effective date of the personnel action. *See* 29 C.F.R. 71613.-214(a)(1). The thirty-day time limit is treated as a statute of limitations for filing suit and is subject to waiver, equitable tolling,

and estoppel. *Boyd v. U.S. Postal Service*, 752 F.2d 410, 414 (9th Cir.1985).

■■■ The record clearly demonstrates that Miles did not seek counseling within 30 days on the pre–1983 and 1987 claims of discrimination in his Title VII action. Furthermore, Miles has offered no facts which would support the application of the doctrines of waiver, estoppel, or equitable tolling of the 30–day statute of limitations with respect to any of these pre–1983 and 1987 claims. Thus, the district court properly dismissed these claims.[1]

Miles did properly exhaust his administrative remedies on the 1983 claim of discrimination. The district court, however, dismissed this claim as well, on the grounds that Miles had failed to commence his action against the proper defendant prior to the running of the statute of limitations, and that any amendment substituting the proper defendant would not relate back to the original complaint.

Miles does not dispute that he named the wrong defendant in his complaint. Instead of suing the Department of the Army, he should have filed his complaint against the head of the Department of the Army, the Secretary of the Army. *See* 42 U.S.C. § 2000e–16(c) ("[a federal] employee ... may file a civil action ... in which civil action the *head* of the department, agency, or unit, as appropriate, shall be the defendant") (emphasis added). This circuit has held that failure to name the head of the department or agency in a Title VII action brought by a federal employee supports dismissal of the action. *See Cooper v. U.S. Postal Service*, 740 F.2d 714 (9th Cir.1984), *cert. denied*, 471 U.S. 1022, 105 S.Ct.2034, 85 L.Ed.2d 316 (1985).

Miles argues, however, that the district court should have afforded him an opportunity to amend his complaint by substituting the Secretary of the Army as defendant before dismissing the action. Miles' con-

---

1. Although the district court did not explicitly dismiss Miles' 1987 claim on the ground that he had failed to exhaust administrative remedies, the record clearly demonstrates that such was the case with this claim as well. The court of appeals may affirm a district court's decision to dismiss a particular claim on any ground supported by the record. *Smith v. Block*, 784 F.2d 993, 996 n. 4 (9th Cir.1986); *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 414 (9th Cir.), *cert. denied*, 474 U.S. 1021, 106 S.Ct. 571, 88 L.Ed.2d 555 (1985).

tention has merit if (1) Miles still had a right to amend the complaint when the district court dismissed his case, and (2) contrary to the district court's conclusion, such an amendment would relate back to the original filing date of the complaint. This latter requirement must be satisfied since the applicable limitations period for federal employees to bring a Title VII action against the Government had expired by the time the district court dismissed the action. *See Lofton v. Heckler*, 781 F.2d 1390, 1392 (9th Cir.1986) ("statutory time periods for filing Title VII actions are jurisdictional and are strictly enforced").[2]

■ Under Fed.R.Civ.P. 15(a), a plaintiff may amend his complaint once, as of right, at any time prior to the filing of a responsive pleading. At the time the district court dismissed Miles' action, the Government had only filed a motion to dismiss (for lack of subject matter jurisdiction) pursuant to Fed.R.Civ.P. 12(b)(1); a motion to dismiss the complaint is not a responsive pleading. *Allen v. Veterans Admin.*, 749 F.2d 1386, 1388 (9th Cir.1984); *Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir.1984). Thus, Miles still had a right to amend his complaint when the district court granted the Government's motion to dismiss.

To determine whether the proposed amended complaint substituting the Secretary of the Army as defendant should relate back to the original filing date of the complaint, we must look to Fed.R.Civ.P.

15(c), which governs the relation back of amendments to pleadings.[3]

In order for an amended complaint changing the party against whom a claim is brought to relate back to the original complaint, the claim or defense in the amended complaint must arise out of same "conduct, transaction, or occurrence set forth" in the original pleading and the new party must have sufficient notice of the institution of the action. *See* Fed.R.Civ.P. 15(c). Rule 15(c) sets forth a general standard for determining whether sufficient notice has been received by the proposed new defendant, [hereinafter "general notice provision"] and a special government notice rule [hereinafter "government notice provision"] that applies only to amendments which seek to bring the United States, its agencies, or its officers into the action as defendants.

The general notice provision is satisfied if, within the statutory period for commencing the action, the party to be brought in by amendment:

(1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

The government notice provision of Rule 15(c) provides that "[t]he delivery or mail-

**2.** Under 42 U.S.C. § 2000e–16(c), a federal employee has 30 days from the receipt of final action taken by the EEOC (or other federal agency or unit charged with responsibility to investigate complaints of discrimination), to commence a Title VII action against the proper government defendant. In this case, Miles received the EEOC's final decision finding no discrimination and the accompanying rights advisement on June 9, 1987. The district court dismissed Miles' action on November 6, 1987.

**3.** Rule 15(c) provides:
(c) **Relation Back of Amendments.** Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted

relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against the party to be brought in by amendment that party (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.
The delivery or mailing of process to the United States Attorney, or United States Attorney's designee, or the Attorney General of the United States, or an agency or officer who would have been a proper defendant if named, satisfies the requirement of clauses (1) and (2) hereof with respect to the United States or any agency or officer thereof to be brought into the action as a defendant.

ing of process to the United States Attorney ... or the Attorney General of the United States, or an agency or officer who would have been a proper defendant if named," satisfies the first and second clauses of the general notice provision.

Clearly, Miles proposed amended complaint arises out of the same occurrence as the original complaint. Thus, if the requirements set forth in either the general notice provision or the government notice provision are satisfied in this case, then Miles should be given an opportunity to amend his complaint.

As noted in the recitation of facts above, Miles mistakenly served process on the Staff Judge Advocate's Office in the Presidio. The Staff Judge Advocate's Office then mailed the copies of the summons and complaint to the United States Attorney's Office in San Francisco. The U.S. Attorney received the documents on or before July 6, 1987, within the 30–day statutory period for commencing the Title VII action.

Based on this court's decision in *Allen*, it is clear that Rule 15(c)'s general notice provision requirements are not satisfied in this case. In *Allen*, this court held that a plaintiff may substitute the United States as a defendant after the expiration of the statute of limitations only if both the U.S. Attorney and the Attorney General have received notice prior to the running of the statutory period. *Allen*, 749 F.2d at 1390. We based this decision in part on Fed.R. Civ.P. 4(d)(4)'s requirement that both the U.S. Attorney and the Attorney General must be served in order to properly serve the United States. *See id.* Since the Attorney General must also be served in order to properly serve government officers under Fed.R.Civ.P. 4(d)(5), *Allen* requires that the Attorney General must be adequately notified as well in order to substitute the Secretary of the Army. Given that there is nothing in the record to suggest the Attorney General received timely and adequate notice of the suit, Miles' proposed amendment falls outside the scope of the terms of the general notice provision.

■ We find, however, that the U.S. Attorney's receipt of process within the statute of limitations period satisfies Rule 15(c)'s government notice provision. We base our conclusion both on the precise language of the government notice provision and on the drafters' intent behind the provision. *See Brock v. Writers Guild of America, West, Inc.*, 762 F.2d 1349, 1353 (9th Cir.1985) (in construing a statute in a case of first impression, court should look first to the language of the statute itself and second to its legislative history).

■ In examining the language of the government notice provision, we must follow the rule in our circuit that Rule 15(c) is to be interpreted literally. *See Allen*, 749 F.2d at 1389; *Cooper*, 740 F.2d at 716–17. Rule 15(c) provides, in relevant part, that the "mailing or delivery of process to the United States Attorney" satisfies the notice requirement for relation back of amendments. The record demonstrates that process was indeed mailed to the U.S. Attorney. While the copies of the summons and complaint were not directly mailed to the U.S. Attorney by Miles, no language in the provision suggests that the U.S. Attorney must receive process directly from the plaintiff in order to satisfy the rule. Thus, allowing Miles' amendment to relate back is consistent with a literal reading of the terms of the provision.

Moreover, our reading of Rule 15(c) is faithful to the spirit and intent of the government notice provision. Rule 15(c)'s government notice provision was added in 1966 specifically to remedy the harsh consequences resulting from application of the relation-back doctrine to cases in which parties had mistakenly named the wrong defendant in their suit against government officers or agencies. *See* Fed.R.Civ.P. 15(c) advisory committee notes to 1966 amendment. Prior to the 1966 amendment to Rule 15(c), when faced with a situation in which a private party had named the wrong government officer or agency and then attempted to amend his complaint to substitute the proper defendant after the statutory period for commencing an action had already expired, most courts would deny the motion to amend on the ground that the amendment " 'would amount to the

commencement of a new proceeding and would not relate back in time'" so as to fall within the statutory period for initiating the action. *Id.* (quoting *Cohn v. Federal Security Admin.*, 199 F.Supp. 884, 885 (W.D.N.Y.1961).

Recognizing that relation back is intimately connected with the policy of the statute of limitations, the Advisory Committee [hereinafter "Committee"] asserted that the policies of the statutes limiting time to commence particular causes of action are not offended when the Government has been put on notice of the institution of the action within the applicable statutory period. In the situation in which a private party has simply misnamed the appropriate government defendant, the Committee observed that "characterization of the amendment as a new proceeding is not responsive to the reality, but is merely question-begging; and to deny relation back is to defeat unjustly the claimant's opportunity to prove his case." *Id.*

Moreover, the Committee explicitly noted that in order to satisfy the first clause of Rule 15(c)'s general notice provision, notice "need not be formal." *Id.* Consistent with the drafters' intent, this circuit has held that informal notice may satisfy Rule 15(c)'s general notice provision requirements. *See Korn v. Royal Caribbean Cruise Line*, 724 F.2d 1397 (9th Cir.1984) (although defendant was not formally served until 16 days after expiration of statute of limitations, defendant had adequate notice of the institution of the action before the end of the statutory period to satisfy Rule 15(c)); *see also Williams v. United States*, 711 F.2d 893, 898 (9th Cir. 1983) (informal notice may be sufficient to satisfy Rule 15(c)'s requirements); *Craig v. United States*, 413 F.2d 854, 857 (9th Cir.) *cert. denied*, 396 U.S. 987, 90 S.Ct. 483, 24 L.Ed.2d 451 (1969) (same).[4]

The Committee's notes and this circuit's construction of Rule 15(c) thus demonstrate that (1) Rule 15(c) was amended to remedy the injustice that resulted from the precise type of technical error that Miles committed in this case, and that (2) the central concern in determining whether an amendment to a pleading should relate back is not whether a particular service procedure is employed to place the government on notice, but rather whether the appropriate government official is *in fact* sufficiently notified of the action within the statutory period.

Accordingly, the drafters' intent informs us that in determining whether Miles' amendment should relate back, we should not be concerned with the fact that process was mailed to the U.S. Attorney by the Staff Judge Advocate's Office rather than by Miles himself. Instead, our focus should be on the adequacy and timeliness of the U.S. Attorney's notice of Miles' Title VII action. The U.S. Attorney was clearly sufficiently notified prior to the expiration of the statutory period and such notification was consistent with the literal terms of Rule 15(c)'s government notice provision. Accordingly, Miles' proposed amendment substituting the Secretary of the Army as defendant will relate back to the filing date of his complaint. We therefore reverse the district court's dismissal of Miles' remaining claim and order the district court to allow Miles a reasonable time to amend his complaint to name the proper defendant.

## IV.

Finally, Miles also alleged that the district court erred in canceling two scheduled status conferences insofar as it deprived him of the opportunity to present oral argument on his motion for appointment of counsel pursuant to 42 U.S.C.

---

**4.** The general notice provision and the government notice provision were both added to Rule 15(c) in 1966. The Committee's notes indicate that both provisions had as their principal aim the elimination of unjust dismissals resulting from the misnaming or misdescription of a defendant in a complaint. *See* Fed.R.Civ.P. 15(c) advisory committee notes to 1966 amendment.

Thus, the drafter's clear lack of concern regarding whether formal procedures are employed to place the defendant on notice for purposes of the general notice provision is highly relevant in determining whether formal notice should be required when the government notice provision is implicated.

§ 2000e–5(f)(1)(B)[5] and in failing to rule on his request for counsel before dismissing the action.

 Upon filing his complaint, Miles submitted a declaration in support of his motion for appointment of counsel. The declaration provided the court with detailed information regarding the relevant factors that must be considered in determining whether counsel should be appointed.[6] A district court has wide discretion in deciding whether oral testimony shall be heard in support of a motion. *See* Fed.R.Civ.P. 43(e) (when a motion is based on facts not appearing in the record, court may hear the motion on affidavits or on oral testimony or deposition). Given that Miles' declaration provided the district court with adequate information concerning the appointment of counsel, we find no abuse of discretion in failing to give Miles an opportunity to present oral argument in support of his motion.

 The district court did abuse its discretion, however, in failing to rule on Miles' request for counsel before granting the Government's motion to dismiss. *See McElyea v. Babbitt*, 833 F.2d 196, 199 (9th Cir.1987) (district court abused its discretion by failing to rule on plaintiff's motion "for appointment of counsel [pursuant to 28 U.S.C. § 1915(d)] before granting the defendants' motion for summary judgment"); *Brown–Bey v. United States*, 720 F.2d 467, 471 (7th Cir.1983) ("A trial court must rule on a request for appointed counsel before ruling on a summary judgment motion or a motion to dismiss.").[7] Thus, on remand, the district court must rule on Miles' request for counsel before it entertains any further Government motions to dispose of the case in their favor before trial.

## V.

We affirm the district court's dismissal of Miles' pre–1983 and 1987 claims of discrimination. We reverse and remand the dismissal of the 1983 claim and order the district court to provide Miles a reasonable opportunity to amend his complaint. We also order the district court to rule on Miles' motion for appointment of counsel before considering any further Government motions to enter judgment in their favor prior to trial.

AFFIRMED IN PART AND REVERSED IN PART.

---

5. This section of Title VII provides, in part:
 Upon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney for such complainant and may authorize the commencement of the action without the payment of fees, costs, or security.

6. The Ninth Circuit has set forth three factors that must be assessed in ruling on requests for counsel under Title VII: (1) the plaintiff's financial resources, (2) the efforts made by the plaintiff to secure counsel, and (3) whether the plaintiff's claim has merit. *Bradshaw v. Zoological Soc. of San Diego*, 662 F.2d 1301, 1318 (9th Cir.1981). Miles' declaration was submitted on a standard form of the United States District Court for the Northern District of California which is designed to elicit information that is relevant to all three prongs of the Ninth Circuit standard.

7. While one could argue that *McElyea* and *Brown–Bey* are distinguishable from the instant case since they involve requests for counsel pursuant to 28 U.S.C. § 1915(d) rather than Title VII, the fairness considerations animating these decisions apply with equal force in the Title VII context. Both *McElyea* and *Brown–Bey* implicitly recognize that assistance of counsel during the initial stages of litigation may be extremely critical to the ultimate success of a plaintiff's action. Indeed, a plaintiff's failure to comply with all technical procedural rules or his failure to develop a sufficient factual record during the pleading phase of litigation may forever preclude that individual from vindicating statutory and constitutional rights. Thus, principles of fairness dictate that an individual eligible for appointed counsel under any valid statutory provision not be required to withstand motions to dismiss and ᴍotions for summary judgment on his own before receiving legal assistance.