958 F.2d 378
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Melvin U. STEWART, Plaintiff-Appellant,
v.
William BENNETT, Secretary of Education, Defendant-Appellee.
 No. 89-15237.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 10, 1992*.
Decided March 17, 1992.
 
 Before CHOY, FARRIS and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Melvin Stewart appeals the district court's grant of summary judgment with respect to the fall 1985 non-hire claim in his suit under Title VII, 42 U.S.C. § 2000e-16. Stewart also appeals the district court's refusal to appoint counsel. We affirm.
 
 
 3
 Under Fed.R.Civ.P. 56(c), summary judgment may be granted if there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. The movant bears the burden of establishing the absence of a genuine issue with respect to all material facts. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970). The Court has since explained:
 
 
 4
 [W]e do not think ... Adickes ... should be construed to mean that the burden is on the party moving for summary judgment to produce evidence showing the absence of a genuine issue of material fact, even with respect to an issue on which the nonmoving party bears the burden of proof. Instead, as we have explained, the burden of the moving party may be discharged by "showing"--that is, by pointing out to the district court--that is, by pointing out to the district court--that there is an absence of evidence to support the nonmoving party's case.
 
 
 5
 Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).
 
 
 6
 In order to prevail on a Title VII claim, Stewart bears two distinct burdens. First, he must prove a prima facie case of disparate treatment. Texas Department of Community Affairs v. Burdine, 450 U.S. 248, 252-53 (1981). To do so, he must show that (1) he is a member of a racial minority, (2) he applied for a position for which he was qualified and was rejected, (3) after rejection, the position remained open and the employer continued to seek employees with comparable qualifications. Id. at 253 n. 6 (citing McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973)). Additionally, Stewart bears at all times the "ultimate burden of persuading the trier of fact that the defendant intentionally discriminated" against him. Id. at 253.
 
 
 7
 Stewart failed to sustain his intermediate and ultimate burdens. The Burdine Court characterized the prima facie burden as one under which circumstances "give rise to an inference of unlawful discrimination." Id. Circumstances in this record do not permit such an inference. Stewart was ranked below all of the individuals selected in the fall hire. Each person selected was a veteran entitled as a matter of federal law to a preference over similarly qualified nonveterans like Stewart. 5 U.S.C. §§ 2108, 3309; 4 Basic Federal Personnel Manual (Office of Personnel Management) ch. 332, subch. 4 § 4-3a(1)(b) (Feb. 26, 1982); United States v. Fausto, 484 U.S. 439, 441 n. 1 (1988). These preferences give rise to an inference of differential treatment, but only on a lawful basis.
 
 
 8
 The record does contain an affidavit by Douglas Ward, of the Office of Personnel Management, alluding to the possibility of a differential impact on Blacks arising from the February and fall hires. Ward admitted that he had not performed a complete analysis, so that he had not verified the cause of the impact. He suggested that the cause may in part have been "a prohibited personnel practice," several of which are discussed in the affidavit. Ward refers to the exclusion of preference-eligible veterans and improper assignments resulting from management cronyism, but he does not include racial discrimination among the prohibited personnel practices of which he was aware. Finally, Ward states that, during both hires, the Department "had the authority to determine the number of vacancies they were going to fill, either through examination or internal placement. This legitimate discretion is too wide to rule out the possibility of discrimination...." This statement is speculation. It is not evidence justifying an inference of unlawful discrimination. Ward's supplemental affidavit adds nothing to Stewart's position.
 
 
 9
 Stewart also failed to satisfy his ultimate burden as to discriminatory intent. Reno declared that the fall hire did not involve considerations of race or other improper criteria. The record does not contain any evidence that the fall hire was tainted by discriminatory animus. A careful review of the Ward affidavits uncovers no evidence of an affirmative intent on the part of the Department to make selections on the basis of race during either hire. Thus, Stewart's fundamental position on appeal, that the fall hire perpetuated the intentionally discriminatory effects of the February hire, is unsupported by the record.
 
 
 10
 Ninth Circuit law is well-settled as to the factors that must guide the district court in exercising its discretionary power to appoint counsel in Title VII cases. Those factors are (1) the plaintiff's financial resources, (2) plaintiff's efforts to secure counsel and (3) whether the plaintiff's claim has merit. See, e.g., Miles v. Department of Army, 881 F.2d 777, 784 n. 6 (9th Cir.1989); Baker v. McNeil Island Corrections Center, 859 F.2d 124, 125 & n. 2 (9th Cir.1988); Bradshaw v. Zoological Society of San Diego, 662 F.2d 1301 (9th Cir.1981).
 
 
 11
 Stewart's status as a party in forma pauperis satisfies the first Bradshaw factor. Bradshaw, 662 F.2d at 1319.
 
 
 12
 Although Stewart need not "exhaust the legal directory," he must make a "reasonably diligent effort under the circumstances to obtain counsel." Id. Stewart's Request for Appointment of Counsel specifically lists only one attorney contact. Beyond that, the Request merely states that "[o]ther attorneys contacted would not discuss representation until I had paid various fees for a consultation which I could not afford." The district court did not abuse its discretion in concluding that Stewart had not made a reasonably diligent effort to obtain counsel.
 
 
 13
 The district court noted that Stewart's claims with respect to the original hire were untimely. The district court dismissed that claim a year later. It became clear at the summary judgment stage that Stewart had not at any time adduced evidence to support his remaining claim. The same lack of support must have been apparent to the district court seventeen months earlier when it was faced with Stewart's request for appointed counsel. There is no indication in the record that Stewart would be able, with or without the aid of counsel, to develop facts to support a Title VII suit.
 
 
 14
 AFFIRMED.
 
 
 
 *
 Pursuant to Ninth Circuit Rule 34-4, the panel unanimously finds this case suitable for disposition without oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.JN606-1034-WL WL CA9FTT 92-6391.00