959 F.2d 239
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Nancy I. BROWN, Plaintiff-Appellant,
v.
DEPARTMENT OF THE NAVY, et al., Defendant-Appellees.
 No. 90-55789.
 United States Court of Appeals, Ninth Circuit.
 ubmitted April 6, 1992.*
Decided April 14, 1992.
 
 Before PREGERSON, D.W. NELSON and DAVID R. THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 OVERVIEW
 
 2
 The district court filed a Memorandum Decision and Order on May 14, 1990 setting aside defaults which had been entered against the defendants, and dismissing Nancy I. Brown's Title VII discrimination complaint without leave to amend. Her case was then dismissed. She appeals. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 FACTS
 
 3
 Brown is a former civilian employee of the United States Navy. She worked as a waitress at the Naval Air Station Miramar ("NAS Miramar") Officers' Club in San Diego, California until she was fired for striking a busboy on August 17, 1986. Brown complained that she was discriminated against on account of her sex because she was fired and no action was taken against the busboy, whom she accused of stealing.
 
 
 4
 The Navy initially concluded that discrimination had occurred. Upon further review, however, the commanding officer of the base found that Brown's complaint of discrimination lacked merit. That finding became final on October 14, 1987 when Brown failed to appeal to the Equal Employment Opportunity Commission ("EEOC").
 
 
 5
 On October 16, 1987, Brown filed a Title VII action in federal district court, naming as defendants "D.O.N." (which the parties agree was the Department of the Navy), the commanding officer of NAS Miramar, and two other Navy employees involved in the termination. Brown received court permission to proceed in forma pauperis, and the United States Marshal was instructed to serve the defendants.
 
 
 6
 On November 3, a deputy marshal attempted to serve the Department of the Navy by effecting service of process on Lieutenant Thomas Palmer of the Judge Advocate General Corps at NAS Miramar. Lieutenant Palmer informed the deputy marshal that he could not accept service on behalf of the Navy. The deputy marshal noted on the process receipt and service form that Palmer "Refuses to Accept on Behalf of the Navy (Sec. of Navy or General Counsel accepts service only)." Two of the other individually named defendants, Captain G.M. Hughes and M.E. Jamieson, were successfully served. The final defendant, Sharon Chang, was never served, apparently because she was in Guam.
 
 
 7
 None of the defendants filed an answer to Brown's complaint. Brown requested entries of default, and these were entered by the clerk.
 
 
 8
 On June 26, 1989, the defendants moved to set aside their defaults and to dismiss the case or for summary judgment. The district court remanded the case to a magistrate to make factual findings regarding whether the Secretary of the Navy received notice of the action within the required time. Based upon the magistrate's findings, the district court set aside the default entered against the Navy. The district court also set aside the defaults entered against the other defendants who had been served, because they were not proper defendants in the case. Brown's complaint was dismissed without leave to amend and judgment was entered against her. This appeal followed.
 
 DISCUSSION
 A. Service of Process
 
 9
 The applicable law is not in dispute. Brown did not appeal to the EEOC. She therefore had thirty days from the final decision by the commanding officer to file a Title VII suit against "the head of" the Department of the Navy. 42 U.S.C. § 2000(e)-16(c). The Secretary of the Navy is the head of the Department of the Navy. 10 U.S.C. § 5031. The failure to name the head of the department or agency in a Title VII action brought by a federal employee supports the dismissal of an action. Miles v. Department of the Army, 881 F.2d 777, 780 (9th Cir.1989). We follow the analysis in Miles in resolving this case.
 
 
 10
 Brown argues that the district court should have afforded her an opportunity to amend her complaint to substitute the Secretary of the Navy as a defendant before dismissing the action. Her contention has merit if (1) she still had a right to amend the complaint when the district court dismissed her case, and (2) such an amendment would relate back to the original filing date of the complaint. Id. at 780-81.
 
 
 11
 A party may amend a complaint once as a matter of course at any time before a responsive pleading is served. Fed.R.Civ.P. 15(a). In this case, no defendant filed a responsive pleading. Brown, therefore, meets the first prong of the Miles test.
 
 
 12
 Brown fails the second prong, however. Fed.R.Civ.P. 15(c) governs the relation back of amendments to pleadings. For an amended complaint to relate back, the amended claim must arise out of the same conduct, transaction or occurrence in the original complaint, and the party to be brought in by the amendment must have received such notice of the action that he will not be prejudiced in maintaining his defense on the merits. Fed.R.Civ.P. 15(c).[1]
 
 
 13
 The government does not dispute that the amended complaint proposed by Brown would arise out of the same conduct, transaction or occurrence in the original pleading. The relevant question is whether the Secretary of the Navy had sufficient notice of the institution of the action. Under Rule 15(c), if the Secretary of the Navy (or any government official authorized to receive service on his behalf) received actual notice of Brown's action within the 30-day period, Brown may amend her complaint. Such notice may be informal; the relevant inquiry is "whether the [Secretary of the Navy] is in fact sufficiently notified of the action within the statutory period." Miles, 881 F.2d at 783 (emphasis in original). Alternatively, Brown may amend her complaint if the process was delivered or mailed to the United States Attorney, his designee or the United States Attorney General within the 30-day period. See Fed.R.Civ.P. 15(c).
 
 
 14
 Based on the magistrate's factual findings, the district court concluded that neither the Secretary nor his authorized agents for service of process (including the United States Attorney) had notice of the filing of Brown's Title VII action within the 30-day statutory period.
 
 
 15
 Brown argues that the Secretary had notice when Lieutenant Palmer mailed the complaint to the general counsel. In Miles, the court found that the agency head had actual notice when the complaint was mailed to the United States Attorney and received there within the 30-day period. Miles, 881 F.2d at 782. Here, Brown's argument is foreclosed by the finding, based on Palmer's testimony, that he did not mail the material to the general counsel until November 16, 1987 at the earliest, which is after the end of the 30-day period.
 
 
 16
 Brown also argues we may infer the United States Attorney had notice because an assistant United States Attorney appeared at an October 31, 1988 hearing regarding dismissal of the case for want of prosecution. This fact, however, does not prove that the United States Attorney had knowledge of the suit before November 14, 1987, the end of the 30-day period.
 
 
 17
 Finally, we consider the application of "equitable tolling" of the date for service of process. We do so because we liberally construe Brown's pro se brief in which she complains of government misinformation and trickery.
 
 
 18
 The Supreme Court extended the "equitable tolling" doctrine to a Title VII action against a government agency head in Irwin v. Veterans Admin., --- U.S. ----, 111 S.Ct. 453, 457 (1990). Equitable tolling is available where the claimant has actively pursued her judicial remedies by filing a pleading, albeit a defective one, within the statutory period, or where she has been induced or tricked by her adversary's misconduct into allowing the filing deadline to pass. Id. at 457-58. Equitable tolling does not apply where the claimant fails to exercise due diligence in preserving her legal rights. Id. at 458.
 
 
 19
 Brown argues, in essence, that equitable tolling should apply because Lieutenant Palmer incorrectly informed her by telephone that his office would be a proper place to serve the Department of the Navy. The magistrate found that someone in Lieutenant Palmer's office "gave [Brown] the impression" that service there would be proper. Findings of Fact, Oct. 11, 1989, at 2, p 8. After this, however, Brown received the process receipt and service form concerning the attempted service on the Department of the Navy. She received this form before the end of the 30-day statutory period, but she neglected to read it fully. Id., p 10. Had she done so, she would have seen that Lieutenant Palmer had refused service for the Navy and that only the Secretary of the Navy or the office of the general counsel could accept service.
 
 
 20
 It would have been impossible for Brown to serve the Navy in a timely fashion after she received the return of service. In such a circumstance, equitable tolling will operate to give her a reasonable time in which to effect service. However, Brown made no attempt to serve the Navy within a reasonable time after receiving notice that such service was required. Indeed, the record does not show that she has ever properly served the Navy. In these circumstances, she cannot benefit from the equitable tolling doctrine. See Irwin, 111 S.Ct. at 458.
 
 
 21
 We conclude that the district court properly set aside the defaults and correctly dismissed Brown's complaint without leave to amend.
 
 B. Appointment of Counsel
 
 22
 Brown also contends that the district court erred when it failed to appoint counsel for her to prosecute her claim. Order, April 22, 1988. A district court's decision to reject appointment of counsel in a civil rights suit is subject to review for an abuse of discretion. Bradshaw v. Zoological Society, 662 F.2d 1301, 1318 (9th Cir.1981).
 
 
 23
 As with the service of process issue, the law here is clear. The Civil Rights Act of 1964 provides for the appointment of counsel in employment discrimination cases "in such circumstances as the court may deem just." 42 U.S.C. § 2000e-5(f)(1). In exercising its discretion, the court must consider three factors: "(1) the plaintiff's financial resources, (2) the efforts made by the plaintiff to secure counsel, and (3) whether the plaintiff's claim has merit." Bradshaw, 662 F.2d at 1318.
 
 
 24
 The district court carefully considered these three factors. The court found, and the parties do not dispute, that Brown satisfied the first two factors. The dispute is over whether Brown's claim has merit. The district court determined that it did not.
 
 
 25
 The court noted that the original Navy investigation found discrimination on the basis of sex, but that the commanding officer found that Brown's "termination was solely motivated by [her] physically violent conduct and that [her] gender made no difference to the decision." Order at 3. The district court considered the record which contains substantial evidence to support this finding. The male busboy was an inexperienced, 16-year-old temporary employee. Brown was an experienced permanent employee. The male did not hit anyone, and Brown did. The court also noted that a physical attack by an employee, male or female, "would likely result in termination" from the club. Id.
 
 
 26
 We conclude that the district court did not abuse its discretion by refusing to appoint counsel for Brown.
 
 
 27
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 It must also appear that the party to be brought in "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party." Fed.R.Civ.P. 15(c). We do not reach this issue, because the Secretary of the Navy did not have sufficient notice of the institution of the action, and thus Rule 15(c) would not be satisfied in any event