992 F.2d 1220
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert L. THEEDE, D.D.S., Plaintiff-Appellant,
v.
VETERANS ADMINISTRATION, William L. Roberts, et al.,
Defendants-Appellees.
 No. 88-15827.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 27, 1993.*
Decided April 30, 1993.
 
 Before BROWNING, KOZINSKI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert L. Theede appeals pro se the district court's orders dismissing his action for failure to prosecute and denying his motions for in forma pauperis status and for appointment of counsel. Appellant's notice of appeal is timely only as to the December 6, 1988 order denying his motions to proceed in forma pauperis and for appointment of counsel and as to the December 9, 1988 "bar order."[1] Accordingly, this court's jurisdiction is limited to these orders. See Fed.R.App. P. 4(a)(1).[2]
 
 
 3
 We have jurisdiction under 28 U.S.C. § 1291, and we review these orders for an abuse of discretion. See Richards v. Harper, 864 F.2d 85 (9th Cir.1988); Miles v. Dep't of the Army, 881 F.2d 777 (9th Cir.1989); United States v. McQuade, 647 F.2d 938 (9th Cir.1981). We affirm.
 
 
 4
 Dr. Theede alleges that the Veterans Administration and its employees discriminated against him based on age in violation of 29 U.S.C. § 633(a). The gravamen of his complaint is that, as an associate professor, he was systematically excluded from the University of Pacific Dental Program. We have considered these contentions in at least two prior appeals involving the same parties and the same transactional nucleus of facts. See, e.g., Theede v. Veterans Administration, et al., 927 F.2d 610 (9th Cir.1991) (Table, text available in Westlaw); Theede v. Veterans Administration, et al., 898 F.2d 156 (9th Cir.1990) (Table, text available in Westlaw). We affirmed the district court's orders in these actions, including one order holding that his claims were barred by res judicata. Id.
 
 
 5
 The district court properly denied appellant's motion to proceed in forma pauperis. Appellant failed to file an affidavit properly supporting his claim of indigence as required under 28 U.S.C. § 1915(a). See McQuade, 647 F.2d at 940. Accordingly, the district court did not abuse its discretion in denying appellant's motion to proceed in forma pauperis.
 
 
 6
 The district court properly denied appellant's motion for appointment of counsel under 28 U.S.C. § 1915(d) and 42 U.S.C. § 2000e-5(f). Appointment of counsel is limited under 28 U.S.C. § 1915(d) to cases presenting exceptional circumstances. Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir.1986). Appellant failed to demonstrate exceptional circumstances in the action below. Counsel may only be appointed under 42 U.S.C. 2000e-5(f) if, after considering plaintiff's financial resources, efforts to locate counsel, and the meritoriousness of the claim, the trial court finds such an appointment appropriate. Ivey v. Bd of Regents of the Univ. of Alaska, 673 F.2d 266 (9th Cir.1982). This motion was filed after the district court had dismissed this action for failure to prosecute. Consequently, reviewing the record below, we are unable to state that the district court abused its discretion in weighing these factors and denying appellant's motion for appointment of counsel.
 
 
 7
 As the district court did not abuse its discretion in denying appellant's motions for appointment of counsel and to proceed in forma pauperis, we affirm.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Appellant does not challenge the bar order on appeal. See Wilcox v. Commissioner, 848 F.2d 1007, 1008 n. 2 ("[a]rguments not addressed in brief are deemed abandoned"). Therefore, we need not reach the propriety of the bar order, and it has become final. See Demos v. United States Dist. Court, 925 F.2d 1160, 1161 (9th Cir.), cert. denied, 111 S.Ct. 1082 (1991)
 
 
 [2]
 Appellant's timely appeal from the district court's judgment of dismissal in no. 88-2460 was dismissed by this court for failure to prosecute