8 F.3d 27
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Del KIDD; Judy Kidd, Plaintiffs-Appellants,
v.
UNITED STATES of America, Defendant-Appellee.
Del KIDD; Judy Kidd, Plaintiffs-Appellants,
v.
UNITED STATES of America, Defendant-Appellee.
 Nos. 92-15657, 92-16455.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 20, 1993.*
Decided Oct. 7, 1993.
 
 Before: FLETCHER, POOLE, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 In No. 92-15657, Del and Judy Kidd appeal pro se the district court's orders (1) dismissing their action for damages for lack of subject-matter jurisdiction; and (2) denying their request for leave to file an amended complaint. In No. 92-16455, the Kidds appeal the district court's order denying their motion for discovery pending appeal. We have jurisdiction to review these orders pursuant to 28 U.S.C. § 1291. We affirm.
 
 
 3
 * No. 92-15657
 
 
 4
 A. Dismissal for Lack of Subject-Matter Jurisdiction
 
 
 5
 We review de novo the district court's dismissal for lack of subject-matter jurisdiction. Rivera v. United States, 924 F.2d 948, 950 (9th Cir.1991).
 
 
 6
 Del Kidd is an employee of the federal Bureau of Reclamation, an agency of the United States Department of the Interior. On July 12, 1991, the Kidds filed a complaint in the federal district court for the District of Nevada, naming the United States, the Bureau, the Department, and unnamed employees of those agencies as defendants. The Kidds alleged numerous wrongful actions taken by various employees of the Bureau and Department, including Del's supervisors, against Del during the course of his employment. The Kidds first attempted to obtain redress for these alleged actions through the grievance procedures prescribed by the Civil Service Reform Act of 1978 ("CSRA"). Unsatisfied with the results and convinced that Del's grievances were mishandled, the Kidds filed the instant action.
 
 
 7
 In their complaint, the Kidds alleged subject-matter jurisdiction under the federal question statute, 28 U.S.C. § 1331, and 28 U.S.C. § 1346(b) and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-80. They alleged constitutional and common-law tort claims for (1) defamation, (2) negligence, (3) deprivation of due process, (4) intentional infliction of emotional distress, (5) abuse of authority, and (6) civil conspiracy.
 
 
 8
 In Rivera, this court held that the CSRA provides the exclusive remedy for federal civil service employees who allege claims arising out of their employment. 924 F.2d at 951-52. Thus, the district court correctly dismissed the Kidds' action to the extent they sought to allege claims under the FTCA. See id. (holding plaintiffs' FTCA claims were barred by CSRA).
 
 
 9
 In Saul v. United States, this court held that the CSRA precludes constitutional tort claims against individual defendants brought under Bivens v. Six Unknown Named Agents of Fed. Narcotics Bureau, 403 U.S. 388 (1970). 928 F.2d 829, 835-40 (9th Cir.1991). The court held that a Bivens claim is precluded whether or not the CSRA provides a remedy for the particular alleged wrong. 928 F.2d at 835-40. The court also held that the CSRA preempts common-law tort claims. Id. at 840-43. Relying on Saul, the district court dismissed the Kidds' action.
 
 
 10
 The Kidds contend that this case is distinguishable from Saul. We disagree. It is true that the plaintiff in Saul failed to seek redress under the CSRA before filing his district court action. See 928 F.2d at 833. Nevertheless, the Kidds' pursuit of remedies under the CSRA is irrelevant. As we stated above, the CSRA would preclude their claims even if they did not have a remedy under that statute. See id. at 835-40. Thus, the Kidds' pursuit of their administrative remedies is not a distinguishing factor.
 
 
 11
 The Kidds also contend that their case is distinguishable because their claims arise not out of "ordinary job-related circumstances," but rather, out of the "mishandling" of Del's grievances. This contention lacks merit. First, some of their allegations (those relating to the letter of warning, the transfer and suspension, and the harassment) are job-related.[1] Thus, any claims based on these allegations are barred by the CSRA. See Saul, 928 F.2d at 835-43. Second, even if Del's grievances were somehow mishandled, the CSRA provides a remedy--administrative review by the Merit Systems Protection Board and a subsequent appeal, if necessary, to the Federal Circuit. See 5 U.S.C. §§ 1204(a) & 7703(b)(1).
 
 
 12
 We thus conclude that the district court did not err by dismissing the Kidds' action for lack of subject-matter jurisdiction. See Saul, 928 F.2d at 835-43; Rivera, 924 F.2d at 951-52.[2]
 
 
 13
 B. Denial of Leave to File Amended Complaint
 
 
 14
 We review the district court's denial of leave to file an amended complaint for abuse of discretion. Saul, 928 F.2d at 843.
 
 
 15
 The Kidds sought to file an amended complaint to state a Bivens claim against various individual defendants. Because the government had only filed a motion to dismiss, the Kidds still had a right to amend their complaint. Miles v. Department of the Army, 881 F.2d 777, 781 (9th Cir.1989). Nevertheless, the district court correctly determined that amendment would have been futile because the CSRA precludes Bivens claims. See Saul, 928 F.2d at 835-40. Therefore, reversal of the district court's denial of leave to amend is not warranted.
 
 II
 No. 92-16455
 
 16
 We review the district court's denial of the Kidds' Fed.R.Civ.P. 27(b) discovery request for abuse of discretion. See Campbell v. Blodgett, 982 F.2d 1356, 1358 (9th Cir.1993). "[W]e will not reverse absent a definite and firm conviction that the district court has committed a clear error of judgment." Id.
 
 
 17
 Rule 27(b) provides, in pertinent part, that "[i]f an appeal has been taken from a judgment of the district court ..., the district court in which the judgment was rendered may allow the taking of the depositions of witnesses to perpetuate their testimony for use in the event of further proceedings in the district court." Fed.R.Civ.P. 27(b). The district court may allow depositions to be taken pursuant to Rule 27(b), and also Rules 34 and 35, if the court finds that "the perpetuation of the testimony is proper to avoid a failure or delay of justice." Id.; Campbell, 982 F.2d at 1358.
 
 
 18
 The district court denied the Kidds' motion on the ground they failed to satisfy the criteria set forth in Rule 27(b). In light of our decision to affirm the dismissal of the Kidds' action, we conclude that the district court did not err.
 
 
 19
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. We therefore deny the Kidds' request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The Kidds also raise an issue as to whether Del should be considered a "whistleblower" entitled to protection under 5 U.S.C. § 2302(b)(8). See Saul, 928 F.2d at 834 n. 8. We need not decide that issue here because even if Del were accorded such status, he must first resort to the Office of Special Counsel or Merit Systems Protection Board for relief. See 5 U.S.C. § 1221
 
 
 [2]
 We reject the Kidds' contention that the district court should have held an evidentiary hearing before dismissing their action. In support of their contention, the Kidds argue that the government's motion to dismiss was actually for failure to state a claim for relief and that, under Haines v. Kerner, 404 U.S. 519 (1972), they, as pro se litigants, were entitled to offer proof to support their claims. However, the government's motion to dismiss clearly, and properly, challenged the district court's subject-matter jurisdiction. The district court properly dismissed on that basis. Even construing the Kidds' pleadings liberally, as we must under Haines, id. at 520-21, we can discern no allegation that would serve as a basis for subject-matter jurisdiction in the district court. Thus, there was no reason for the district court to allow the Kidds to proffer evidence to support their claims