**Maxwell HOFFMAN, Plaintiff—Appellant,**

Fed. R.App. P. 34(a)(2).

Dale C. Shackelford, as next friend of Maxwell Hoffman, Appellant,

v.

JOHN DOES, employees of the Idaho Department of Correction, Defendant—Appellee.

No. 04–35199.

D.C. No. CV–02–00291–BLW.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 3, 2005.

Decided May 9, 2005.

Eric Schnapper, Esq., University of Washington School of Law, Seattle, WA, for Plaintiff—Appellant.

Maxwell Hoffman, IMSI—Idaho Maximum Security Institution, Boise, ID; and Leonard J. Feldman, Esq., Eric Schnapper, Esq., Heller, Ehrman, White & McAuliffe, LLP, Seattle, WA, for Appellant.

Dale C. Shackelford, IMSI—Idaho Maximum Security Institution, Leonard J. Feldman, Esq., and Timothy Mcneese, Esq., Office of Attorney General, Boise, ID, for Defendant—Appellee.

Before WALLACE, SILVERMAN, and PAEZ, Circuit Judges.

MEMORANDUM *

Idaho state prisoner Maxwell Hoffman ("Hoffman") appeals the district court's dismissal of his action challenging the conditions of his confinement. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we vacate the dismissal of Hoffman's action and remand to the district court for further proceedings.

Hoffman first argues that the district court erred in dismissing his action as moot. Superseding events do not moot an issue unless they "have completely and irrevocably eradicated the effects of the alleged violation." *Smith v. Univ. of Wash., Law School*, 233 F.3d 1188, 1194 (9th Cir.2000) (internal quotation marks omitted). Because the district court found that only "some" of Hoffman's concerns "may" be moot, we conclude that the dis-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

trict court erred in dismissing Hoffman's action on mootness grounds.

 Hoffman also argues that the district court abused its discretion in dismissing his action without first ruling on his request for appointed counsel. We agree. A district court must rule on an application for appointment of counsel before dismissing a pro se litigant's action. *Miles v. Dep't of Army,* 881 F.2d 777, 784 (9th Cir.1989); *McElyea v. Babbitt,* 833 F.2d 196, 199 (9th Cir.1987). We therefore vacate the dismissal of Hoffman's action and remand with instructions that the district court consider whether Hoffman is entitled to appointed counsel under the standard set forth in *Agyeman v. Corrections Corp. of Am.,* 390 F.3d 1101, 1103–04 (9th Cir. 2004).

VACATED AND REMANDED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.