**VIRTUAL FONLINK, INC.,**
Plaintiff—Appellee,

v.

Kenneth S. BAILEY, Defendant—
Appellant.

Mansfield Partners, LLC; Helene Pretsky; Georges Elias; Robert Assil, Plaintiffs-counter-defendants—Appellees,

v.

Kenneth S. Bailey, Defendant-counter-claimant—Appellant,

and

Eric Arno Vigen, Defendant-counter-claimant.

No. 04–55408, 04–55414.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 14, 2005.

Decided Jan. 24, 2006.

Thomas J. Weiss, Esq., Law Offices of Thomas J. Weiss, Los Angeles, CA, for Plaintiff–Appellee.

Frank J. Broccolo, Esq., Sidley, Austin, Brown & Wood, Los Angeles, CA, for Defendant–Appellant.

Before: BRIGHT,* B. FLETCHER, and SILVERMAN, Circuit Judges.

## MEMORANDUM **

Kenneth S. Bailey appeals the district court's denial of his motions, based on Fed.R.Civ.P. 60(b)(6) and a fraud-on-the-court theory, to set aside two default judgments entered against him in 2002. Mansfield Partners ("Mansfield"), in the name of Virtual Fonlink, Inc., filed two actions against Bailey. The first action sought an injunction against Bailey, and the second requested damages. The judgment in the first action, entered on June 26, 2002, enjoined Bailey from certain actions adverse to the corporation and awarded attorney's fees to Mansfield. The second judgment, entered on September 3, 2002, awarded damages to Mansfield and against Bailey in an amount exceeding $805,000. We affirm the denials of Bailey's motions.

Because the parties are familiar with the facts, we do not recite them in detail. Bailey patented an invention that would allow mobile, point-of-sale credit card purchases involving cell phones. In 2000, he formed a company, transferring ownership of the patented invention to it, to exploit this invention, and approached Mansfield to provide capital for his company's growth. The parties agreed to share ownership and control of the company, Virtual Fonlink, Inc., but their business relationship soon deteriorated. Mansfield ultimately filed two actions against Bailey, resulting in the default judgments at issue

here. Bailey's attorney, although continuing to represent Bailey, excused himself from the first trial and did essentially nothing with respect to the second. The court entered two default judgments against Bailey.

Approximately eighteen months after the first judgment and fifteen months after the second, Bailey filed motions to set aside both judgments. Bailey based his motions on Rule 60(b)(6) and a fraud-on-the-court theory. The district court denied both motions. Rule 60(b)(6), in relevant part, provides:

> (b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc. On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: ... (6) any other reason justifying relief from the operation of the judgment.

■ Although the gross negligence of a party's attorney may meet the standard of Rule 60(b)(6), *see Community Dental Servs. v. Tani*, 282 F.3d 1164, 1168–70 & n. 11 (9th Cir.2002), the district court concluded that Bailey did not meet this standard because he was involved in the culpable conduct of his attorney. The district court further determined that Bailey's fraud-on-the-court argument failed because he could have addressed the alleged fraud at trial.

Bailey first contends that the district court abused its discretion in disbelieving his statements in support of the Rule 60(b) motions and in determining that Bailey knew of his counsel's unprofessional tactics. We reject this claim. We will reverse a district court's exercise of discre-

---

* The Honorable Myron H. Bright, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

tion only when we have a definite and firm conviction that the district court committed a clear error of judgment. *Anderson v. Bessemer City,* 470 U.S. 564, 574–75, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985). We give even greater deference to a district court's credibility determination. *Id.* at 575, 105 S.Ct. 1504. The record supports the district court's determination that Bailey was either complicit in, or had contracted for, his attorney's unprofessional tactics.

█ Bailey argues in addition that the district court may not make a credibility determination in denying the motions without first hearing oral testimony. We also reject this contention. "A district court has wide discretion in deciding whether oral testimony shall be heard in support of a motion." *Miles v. Dept. of the Army,* 881 F.2d 777, 784 (9th Cir.1989). Although the judgments in question were default judgments, the district court had heard a substantial amount of testimony before the judgments were entered, and it was well aware of the contentions of the parties. Given that the court was familiar with the facts of the case and the parties, and also had presided over both default judgments, it did not abuse its discretion in refusing to give Bailey the opportunity to present additional oral testimony.

Because we hold the district court did not err in determining Bailey's culpable conduct, it was justified in denying the Rule 60(b)(6) motions. *See Community Dental Servs.,* 282 F.3d 1164. We therefore need not reach the issue of whether the district court abused its discretion in determining that Bailey's motions were untimely.

Bailey next contends that Mansfield committed fraud on the court because Mansfield had no authority to bring suit on behalf of Virtual Fonlink in the first trial and because Mansfield allegedly committed perjury in the second. Bailey could have addressed these issues at trial, which he chose not to attend,[1] so he may not now claim fraud on the court. *In re. Levander,* 180 F.3d 1114, 1120 (9th Cir.1999).

█ Finally, Bailey argues that both judgments are void as violative of due process and therefore should be set aside under Fed.R.Civ.P. 60(b)(4) as void judgments. According to Bailey, he was denied due process because no one was present to represent him at the first trial after his attorney had excused himself and because he was given no notice of the issues that were to be tried in the second trial.

Bailey did not argue Rule 60(b)(4) before the district court. Even if he had, the judgments are not void as violative of due process because Bailey's attorney knew of both alleged violations. A client is "deemed bound by the acts of his lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney." *Link v. Wabash R.R. Co.,* 370 U.S. 626, 634, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) (internal citation and quotations omitted).

AFFIRMED.

---

1. The record shows that Bailey was in the courthouse and was aware that the case was being tried but chose not to enter the courtroom.