**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 30 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WENDY HASTINGS, | No. 17-56643 |
| Plaintiff-Appellant, | D.C. No. 3:16-cv-01259-JM-JLB |
| v. | |
| UNITED STATES POSTAL SERVICE; UNITED STATES OF AMERICA, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Jeffrey T. Miller, District Judge, Presiding

Argued and Submitted May 14, 2019
Pasadena, California

Before: LIPEZ,** WARDLAW, and HURWITZ, Circuit Judges.

Wendy Hastings appeals the district court's dismissal of her negligence claim against the United States with prejudice. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Kermit V. Lipez, United States Circuit Judge for the First Circuit, sitting by designation.

The district court correctly concluded that Hastings's claim was time-barred and that her operative Second Amended Complaint did not relate back to filing of her original complaint. Hastings filed her original complaint within the Federal Tort Claims Act's six-month statute of limitations, but amended her complaint to name the United States as a defendant only after the limitations period expired. *See* 28 U.S.C. § 2401(b). Unless Hastings's Second Amended Complaint relates back to the filing of her original complaint, her claim against the United States is time-barred.

To benefit from the relation back doctrine, Hastings must demonstrate compliance with the government notice provision, which requires that "process was delivered or mailed to the United States attorney or the United States attorney's designee, to the Attorney General of the United States, or to the officer or agency" within the limitations period. Fed. R. Civ. P. 15(c)(2).[1] We interpret Federal Rule of Civil Procedure 15(c) "literally." *Miles v. Dep't of Army*, 881 F.2d 777, 782 (9th Cir. 1989). The plain language of the government notice provision required Hastings to deliver or mail her original summons and complaint to one of the enumerated U.S. entities before the six-month limitations period expired. However, it is undisputed that the U.S. Attorney received only court-generated

---

[1] There is no dispute that Hastings satisfied the relation back doctrine's other requirements, Fed. R. Civ. P. 15(c)(1)(A), (B), and she does not claim that she satisfied the general notice provision, *id*. 15(c)(1)(C).

2

electronic notices that Hastings filed her original summons and complaint within the limitations period. The electronic notices did not contain or attach Hastings's original summons or complaint. Rather, the U.S. Attorney could access the original summons or complaint only by clicking on a link in the notice and visiting the court website to view the document. Because the electronic notices to the U.S. Attorney did not deliver, mail, or even attach Hastings's original summons and complaint, the district court correctly concluded that the relation back doctrine does not apply.

**AFFIRM**.