**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

<table>
<tr><td>

GLENN WRIGHT, an individual and all as successors to Le'Wayne Anthony Wright; NINA WOOLFOLK, an individual and all as successors to Le'Wayne Anthony Wright,

   Plaintiffs-Appellants,

v.

EXODUS RECOVERY, INC., a California Corporation; et al.,

   Defendants-Appellees.

</td><td>

No. 23-55262

D.C. No.
2:22-cv-01693-SPG-SK

MEMORANDUM[*]

</td></tr>
</table>

Appeal from the United States District Court
for the Central District of California
Sherilyn Peace Garnett, District Judge, Presiding

Argued and Submitted July 8, 2024
Pasadena, California

Before: IKUTA and NGUYEN, Circuit Judges, and LIBURDI,[**] District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Michael T. Liburdi, United States District Judge for the District of Arizona, sitting by designation.

Glenn Wright and Nina Woolfolk (collectively, "plaintiffs") appeal the district court's order dismissing with prejudice their claims under the California Disabled Persons Act (DPA), Cal. Civ. Code § 54.1, and California's Unfair Competition Law (UCL), Cal. Bus. & Prof. Code, § 17200, et seq., as well as the district court's failure to vacate that order. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The plaintiffs' argument that the district court should have vacated its order dismissing the DPA and UCL claims with prejudice is meritless. At the time it issued its order dismissing the plaintiffs' first amended complaint, the district court had federal question jurisdiction over the federal claims, *id.* § 1331, and supplemental jurisdiction over the state law claims, *id.* § 1367(a). The district court therefore had the "power to issue the order" dismissing with prejudice the DPA and UCL claims. *U.S. Cath. Conf. v. Abortion Rts. Mobilization, Inc.*, 487 U.S. 72, 77 (1988). Although the order dismissing these claims was interlocutory, it merged into the order dismissing the second amended complaint, which was a final, appealable order over which we have jurisdiction. *See* 28 U.S.C. § 1291; *Hall v. City of Los Angeles*, 697 F.3d 1059, 1070 (9th Cir. 2012).

The district court did not err in dismissing the plaintiffs' DPA claim. The plaintiffs alleged that Exodus Recovery denied services and accommodations to

their deaf son by failing to provide him with a translator after admitting him to its facility and by discharging him from the facility the following day. But the DPA's focus is on "*physical* access to public places," and is "intended to secure to disabled persons the same right as the general public to the full and free use of facilities open to the public." *Turner v. Ass'n of Am. Med. Colleges*, 167 Cal. App. 4th 1401, 1412 (2008), *as modified on denial of reh'g* (Nov. 25, 2008) (citation and internal quotation marks omitted). State courts have not construed the DPA to require accommodations to assist with learning, reading or other communication-related disabilities. *Id.* Because the plaintiffs did not allege that their son was denied the same physical access "as other members of the general public," Cal. Civ. Code § 54.1(a)(1), to Exodus Recovery's facility, their DPA claim fails.

The district court did not err in concluding that plaintiffs' request for economic relief was not cognizable under the UCL, because the plaintiffs requested relief for monetary damages, rather than restitution. *See Cal. Med. Ass'n v. Aetna Health of Cal. Inc.*, 14 Cal. 5th 1075, 1085 (2023). The plaintiffs lack standing under Article III of the United States Constitution to seek injunctive relief, because they have not alleged that they face a "real or immediate threat . . . that [they] will again be wronged in a similar way." *Mayfield v. United States*, 599 F.3d 964, 970 (9th Cir. 2010) (ellipsis in original) (quoting *City of Los*

*Angeles v. Lyons*, 461 U.S. 95, 111 (1983)); *see also Birdsong v. Apple, Inc.*, 590 F.3d 955, 960 n.4 (9th Cir. 2009) ("In addition to meeting the UCL's standing requirements, the plaintiffs must also satisfy the federal standing requirements under Article III."). Therefore, the district court did not abuse its discretion in dismissing the plaintiffs' UCL claim with prejudice, as any "amendment would be futile." *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011).

The district court also did not abuse its discretion in denying the plaintiffs' belated request to address their UCL claim in oral argument. The district court held oral argument for 48 minutes regarding the motion to dismiss, and the plaintiffs provided briefing on their UCL claim. *See Miles v. Dep't of Army*, 881 F.2d 777, 784 (9th Cir. 1989).

**AFFIRMED.**[1]

---

[1] The plaintiffs' unopposed motion for judicial notice, Dkt. 32, is granted.