**Jerome Jude McGUCKIN,
Plaintiff–Appellant,**

v.

**UNITED STATES of America,
Defendant–Appellee.**

**No. 89–15430.**

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 25, 1990 *.

Decided Nov. 6, 1990.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34-4 and Fed.R.App.P. 34(a).

John D. Kaufmann and Margaret S. Phillips, Tucson, Ariz., for plaintiff-appellant.

Gerald S. Frank, Asst. U.S. Atty., Tucson, Ariz., for defendant-appellee.

Before WRIGHT, FARRIS and NOONAN, Circuit Judges.

FARRIS, Circuit Judge:

McGuckin appeals an order denying rehearing after the district court dismissed his Federal Tort Claims action for failure to name the United States as a defendant and failure to serve the United States Attorney and Attorney General within the six-month statute of limitations. We reverse.

On June 14, 1988, the Bureau of Prisons informed McGuckin by certified mail that it denied his claim for injuries he sustained in a fall at the Federal Correctional Institute in Tucson, Arizona. McGuckin filed a complaint on August 30, 1988, naming the United States Department of Justice, Bureau of Prisons, and Bureau employees as defendants. He served the United States Attorney on September 9, 1988.

On September 21, 1988, McGuckin amended the complaint to delete Doe defendants. The amended complaint was served on the United States Attorney on October 14, 1988.

On January 17, 1989, McGuckin filed a second amended complaint naming the United States as the sole defendant. He served this complaint on the United States Attorney for the District of Arizona on January 20, 1989, the United States Attorney in Washington, D.C., on January 30, 1989, and the United States Attorney General on February 6, 1989. The district court dismissed the complaint with prejudice on March 8, 1989, and denied McGuckin rehearing on March 17, 1989.

Under 28 U.S.C. § 2401(b), a tort action against the United States must be filed within six months after a final denial is mailed by the agency reviewing the claim. The Bureau of Prisons mailed McGuckin such notice on June 14, 1988, and the statute ran on December 14, 1988.

■ McGuckin named the United States in his second amended complaint and served the United States Attorney and Attorney General. Although filed after December 14, 1988, this complaint related back under Federal Rule of Civil Procedure 15(c). That rule provides that an amendment changing a party relates back if:

> within the period provided by law for commencing the action against the party to be brought in by amendment that party (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Fed.R.Civ.P. 15(c). When the party to be brought into the action is the United States, the requirements are satisfied by "[t]he delivery or mailing of process to the United States Attorney, or the United

States Attorney's designee, or the Attorney General of the United States." *Id.* That McGuckin served the United States Attorney on September 9, 1988 satisfied Rule 15(c).

The government contends that under *Allen v. Veterans Admin.*, 749 F.2d 1386, 1390 (9th Cir.1984), McGuckin's failure to serve the complaint on the United States Attorney General bars his second amended complaint from relating back. In *Allen*, the court stated that "[o]nly if the United States Attorney and the Attorney General receive notice of the suit prior to the running of the statute of limitations will a plaintiff be allowed to substitute the United States as a defendant under Rule 15(c)." *Id.* at 1390.

*Allen* is factually inapposite; we decline to apply it. In violation of the express provisions of Rule 15(c), Allen served neither the United States Attorney nor the United States Attorney General within the six months allotted by 28 U.S.C. § 2401(b). 749 F.2d at 1389. McGuckin, however, served his complaint on the United States Attorney on September 9, 1988, thereby complying with Rule 15(c).

The government also argues that dismissal of McGuckin's action was proper under Federal Rule of Civil Procedure 4(j) because McGuckin failed to serve the United States correctly within 120 days of filing his original complaint. Service on the United States is made by serving both the United States Attorney and United States Attorney General. Fed.R.Civ.P. 4(d)(4). Although McGuckin served the United States Attorney General more than 120 days after he commenced the action, we must construe the 120–day limit of Rule 4(j) to run from the filing of the second amended complaint. To interpret the rule otherwise would restrict the time available for adding defendants to within 120 days after commencement. That result would contradict the relation-back provisions of Rule 15(c). We therefore reject it.

REVERSED.