DIVERSIFIED MARINE INTERNATIONAL, INC., Calrice Transportation Corporation, and Rice Growers Association of California

v.

The UNITED STATES of America and the Republic of Ecuador.

Civ. A. Nos. 90–831, 90–4643.

United States District Court, E.D. Louisiana.

Sept. 13, 1991.

---

William A. Ranson, Metairie, La., for plaintiff Diversified Marine Intern., Inc.

R. Scott Blaze, Trial Atty., Torts Branch, U.S. Dept. of Justice, Washington, D.C., for defendant U.S.

HEEBE, Chief Judge.

This cause came on for hearing on a previous day on the motion of defendant, the United States of America, pursuant to Fed.R.Civ.P. 12(b)(1), to dismiss the complaint in Civil Action No. 90–831 with prejudice.

The Court, having heard the arguments of counsel and having studied the legal memoranda submitted by the parties, is now fully advised in the premises and ready to rule. Accordingly,

IT IS THE ORDER OF THE COURT that the motion of defendant, the United States of America, pursuant to Fed. R.Civ.P. 12(b)(1), to dismiss the complaint in Civil Action No. 90–831, be, and the same is hereby GRANTED WITHOUT PREJUDICE.

### REASONS

On March 7, 1990, plaintiffs, Diversified Marine International, Inc., Calrice Transportation Corporation, and Rice Growers of California, filed Civil Action No. 90–831 against defendants, the United States, U.S. Department of Agriculture, Federal Grain Inspection Service, and the Commodity Credit Corporation, for damages sustained due to loading a cargo of off-grade sorghum at the Public Bulk Terminal facility in the Port of New Orleans in March of 1988.[1]

■ The complaint in Civil Action No. 90–831 alleges a cause of action against the United States within the admiralty and maritime jurisdiction. Such cause of action is maintainable against the United States only in accordance with the Suits in Admiralty Act, 46 U.S.C.App. § 741–752 (SAA), or the Public Vessels Act, 46 U.S.C.App. § 781–790 (PVA). The SAA requires that service upon the United States shall be "forthwith." The United States Attorney shall be served a copy of the complaint, and the Attorney General of the United States shall be mailed a copy by registered mail. The U.S. claims that "service" in this case does not satisfy the requirements for forthwith service under the SAA. Thus the U.S. moves to dismiss this action for lack of subject matter jurisdiction.

The Attorney General of the United States was properly served by certified mail on April 2, 1990. The summons and complaint were improperly mailed to the United States Attorney by certified mail, dated March 22, 1990, rather than delivered. The plaintiffs also mailed the complaint by certified mail to other named defendants, Commodity Credit Corporation, U.S. Department of Agriculture, and Federal Grain Inspection Service.

On June 5, 1990, Benjamin L. Willey, Trial Attorney, Torts Branch, Civil Division, U.S. Department of Justice, wrote plaintiffs' counsel informing him that the only proper defendant in his SAA action was the United States. Plaintiffs were requested to amend their complaint "to delete all defendants other than the United States of America." Plaintiffs' counsel was also advised that his "complaint was filed on March 7, 1990" and that as of "the present date, the complaint has not been personally served on the United States Attorney for the Eastern District of Louisiana." He

---

1. Plaintiffs have also filed suit against the United States of America and the Republic of Ecuador under the Federal Tort Claims Act, 28 U.S.C. § 2671, for damages arising out of the same set of facts. This complaint, Civil Action No. 90–4643, was filed on November 26, 1990.

was told he "should immediately perfect service of the complaint by effecting personal service on the United States Attorney." It is interesting to note that Mr. Willey sent a copy of his letter to the Office of the U.S. Attorney in New Orleans, and to the attention of an assistant U.S. Attorney.

The letter from Mr. Willey was written approximately 90 days after suit was filed.

On July 12, 1990, 126 days after the original complaint was filed, plaintiffs filed a "First Supplemental and Amending Complaint." All defendants except the U.S. were deleted in the amended complaint. Attached to the amended complaint was a copy of the original complaint. The summons, amended complaint, and complaint were served upon Evelyn Charlot, the designate of the United States Attorney, on July 12, 1990, and the summons, amended complaint, and complaint were mailed to the Attorney General of the United States by certified mail dated July 13, 1990.

The government has moved to dismiss suit against it contending that (1) the Court lacks subject matter jurisdiction because the plaintiffs failed to effect "forthwith" service of process under the SAA; and (2) even if the service requirements of the SAA were not applicable, plaintiffs have failed to comply with the requirements of Fed.R.Civ.P. 4(d)(4) and 4(j).

Plaintiffs oppose the government's motion, arguing either that service was "forthwith" under the SAA, or if Rule 4(j) is found to apply, that good cause existed despite service not being perfected until 126 days after filing. In the alternative, plaintiffs submit that the two year limitation period was tolled during the time appeal was prosecuted in the U.S. Department of Agriculture Board of Contract Appeals.

The SAA provides in pertinent part that: The libelant shall *forthwith* serve a copy of his libel upon the United States attorney for such district and mail a copy thereof by registered mail to the Attorney General of the United States, and shall file a sworn return of such service and mailing. Such service and mailing shall constitute valid service upon the United States....

46 U.S.C.App. § 742 (emphasis added).

The U.S. contends that the requirement of "forthwith" service is jurisdictional and that the original complaint against the U.S. must be dismissed because service on the U.S. was not made "forthwith." First, the U.S. submits that the original complaint has never been served on the U.S. Plaintiffs attached the original complaint to the amended complaint when they personally served it on July 12, 1990. The U.S. contends that this was not valid service of the original complaint, but cites no cases in support.

It is the position of the plaintiffs that the summons and the complaint, together with the first supplemental and amended complaint, were delivered to the United States Attorney's designate on July 12, 1990. The summons and complaint were first mailed by certified mail to the Attorney General of the United States on April 2, 1990. Later the summons, complaint, and first supplemental and amended complaint were mailed by certified mail to the Attorney General on July 17, 1990. An affidavit of service was also filed in the record.

The Court finds that the service of the amended complaint, with the original complaint as an attachment, on July 12, 1990, to both the U.S. Attorney and to the Attorney General of the United States constitutes service of both the original and the amended complaints.

Even if this is the case, the U.S. argues that this service occurred 126 days after the filing of the original complaint and so this is not forthwith service under the SAA.

The Second, Ninth, and Eleventh Circuits have held that the forthwith service requirements contained at Section 2 of the SAA are jurisdictional, and the failure to comply must result in dismissal for lack of subject matter jurisdiction. *See Battaglia v. United States*, 303 F.2d 683 (2d Cir.), *cert. dismissed*, 371 U.S. 907, 83 S.Ct. 210, 9 L.Ed.2d 168 (1962); *Amella v. United States*, 732 F.2d 711 (9th Cir.1984); and

*Libby v. United States,* 840 F.2d 818 (11th Cir.1988).

Only the Third Circuit has adopted the contrary view, and has held that the forthwith service requirements have been superseded by Fed.R.Civ.P. 4. *See Jones & Laughlin Steel, Inc. v. Mon River Towing, Inc.,* 772 F.2d 62 (3d Cir.1985).

The Fifth Circuit has not addressed the issue, but Judge Duplantier in *Farnsworth v. Sea–Land Service, Inc.,* No. 87–5954, 1989 WL 20544, at *1, 1989 U.S.Dist. LEXIS 2270, at *3 (E.D.La. March 7, 1989), was persuaded by the reasoning of the Third Circuit. He concluded that "the 'forthwith' service requirement is no longer effective," and that the Federal Rules of Civil Procedure control. *Id. See also Phillips v. U.S. Army Corps of Engineers,* 629 F.Supp. 967, 971 (S.D.Miss.1986).

■■■ This Court agrees that the Third Circuit has adopted the better position and that the process requirement is "procedural and not jurisdictional." *Phillips,* 629 F.Supp. at 972. However, under either the "forthwith" service requirement or the Federal Rules of Civil Procedure, the plaintiffs did not perfect timely service.

In *Battaglia v. United States,* 303 F.2d 683, 686 (2d Cir.), *cert. dismissed,* 371 U.S. 907, 83 S.Ct. 210, 9 L.Ed.2d 168 (1962), the court found that a four and one half month delay in service upon the Attorney General was not "forthwith" service.

Thus, in the instant case, the delay of 126 days before proper service was perfected is not "forthwith."

Fed.R.Civ.P. 4(j) provides a 120 day time limit on service of summons and complaint. Rule 4(j) also requires dismissal of the action against defendant if service is not made within 120 days after filing of the complaint, and the plaintiff cannot show good cause why such service was not made within that period.

It is not disputed that the government was not served within 120 days of the filing of the original complaint. Unless plaintiffs can show good cause for the delay in service, their suit must be dismissed. *Farns-*

*worth,* 1989 WL 20544, at *2, 1989 U.S.Dist. LEXIS 2270, at *4.

In *Winters v. Teledyne Movible Offshore,* 776 F.2d 1304, 1306 (5th Cir.1985), the Fifth Circuit explained "good cause" as follows:

> Without attempting a rigid or all-encompassing definition of "good cause," it would appear to require *at least* as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice, and some showing of "good faith on the part of the party seeking an enlargement *and* some reasonable basis for noncompliance within the time specified" is normally required. 10 Wright & Miller *Federal Practice and Procedure: Civil* § 1165 at 622 (emphasis added).

*Farnsworth,* 1989 WL 20544, at *2, 1989 U.S.Dist. LEXIS 2270, at *4.

Plaintiffs contend that they have good cause why the service of the original complaint was not timely. They argue:

1. If this Court determines that the Federal Rules of Civil Procedure govern service in SAA proceedings, the plaintiffs were unaware that Rule 4(j) would be applicable and would therefore be prejudiced.

2. That counsel for the Department of Justice, through correspondence of June 5, 1990 made no mention of application of Rule 4(j), rather only "forthwith" service under the SAA.

3. That counsel for the Department of Justice made further requirement for preparation and service of an amended complaint.

It is clear to the Court that both the U.S. Attorney and the Department of Justice had notice of this suit no later than June 5, 1990, and were aware that the complaint had been filed on March 7, 1990. However, the U.S. Attorney was not properly served until July 12, 1990, 126 days after the original complaint was filed and the same day that the amended complaint was filed.

■■■ Mr. Willey, in his June 5, 1990 letter to counsel for the plaintiffs, set forth the

applicable statutes and case law and instructed him to "immediately perfect service of the complaint by effecting personal service on the United States Attorney." Service was not accomplished until July 12, 1990. The Court finds that plaintiffs did not show good cause why service was not timely perfected. Ignorance of the rules does not constitute good cause. *Winters*, 776 F.2d at 1306.

In the event the Court finds that service was improper in not being "forthwith" under the SAA, or that no "good cause" existed why service was not perfected until 126 days after filing, plaintiffs submit that the two [2] year limitation period was tolled during the time appeal was prosecuted in the U.S. Department of Agriculture Board of Contract Appeals, pursuant to the Contract Disputes Act of 1978.

The SAA, § 745, provides that suit be brought within 2 years after the cause of action arises. Plaintiffs submit that the two year limitation of suits provided by the SAA should be tolled, and cite *McCormick v. United States*, 680 F.2d 345 (5th Cir. 1982), in support. The *McCormick* Court stated:

> This language suggests that limitations provisions in statutes waiving sovereign immunity are designed to serve the same purposes as are ordinary statutes of limitation, the primary purpose being to encourage the prompt presentation of claims. We cannot accept the government's position, and the district court's holding, that the SAA limitation provisions can never be tolled. We hold that the two-year limitation on suits under the SAA can be tolled under appropriate circumstances where to do so would not defeat the purpose of the provision, which is to encourage those with claims to present their claims promptly and diligently, and where injustice to the plaintiff would otherwise result.

680 F.2d at 351.

In the instant administrative proceeding, the initial claim was submitted to the U.S. Department of Agriculture on March 25, 1988, within 3 days of the sorghum being discharged from the M/V CALRICE TRANSPORT. The resulting administrative proceedings continued in excess of 2 years and 7 months from the accrual of the claim, and beyond the limitations period of the SAA. Plaintiffs thus claim that they should be allowed to proceed pursuant to a 2 year limitation period commencing November 6, 1990.

The Court finds that plaintiffs' tolling argument is not properly before the Court at this time. Plaintiffs filed their suit within the prescriptive period, but failed to timely serve the United States. The tolling argument may be applicable if plaintiffs refile their complaint.

Accordingly,

IT IS THE ORDER OF THE COURT that the motion of defendant, the United States of America, pursuant to Fed. R.Civ.P. 12(b)(1), to dismiss the complaint in Civil Action No. 90–831, be, and the same is hereby GRANTED WITHOUT PREJUDICE.