**Jennifer JOHNSON**

v.

**UNITED STATES of America.**

Civ. A. No. 93–1305.

United States District Court,
E.D. Louisiana.

Oct. 22, 1993.

Ronna Marie Steele and Robert G. Harvey, Sr., Robert G. Harvey & Associates, New Orleans, LA, for plaintiff.

Jill Lynn Ondrejko, U.S. Attorney's Office, New Orleans, LA, for defendants.

*ORDER AND REASONS*

FELDMAN, District Judge.

Before the Court is the government's motion to dismiss for plaintiff's failure to serve the complaint in accordance with Federal Rule of Civil Procedure 4(d)(4) within 120 days of filing, as required by Rule 4(j). For the reasons that follow, the government's motion is DENIED.

---

**15.** 398 F.2d 885 (5th Cir.1968).

**16.** *Broussard,* 398 F.2d at 889.

## I. *Background*

Plaintiff filed suit on April 20, 1993 for personal injuries allegedly incurred when a vehicle that she was driving was involved in a collision with a U.S. Postal Service vehicle driven by Arthur Simon. On August 16, 1993 the government moved for a dismissal of Arthur Simon and the Postal Service on the ground that they were not proper party defendants under 28 U.S.C. § 2679, and requested that the United States be substituted as the party defendant. The motion was well-taken. The plaintiff then moved to amend her complaint to substitute the United States of America as the sole defendant, and this Court granted her motion on September 2, 1993.

However, proper service of the original complaint has not yet been effected upon the United States Attorney under Rules 4(d)(4) and 4(d)(5) of the Federal Rules of Civil Procedure. Because over 120 days have elapsed since the filing of this lawsuit, the government argues that proper service has not been completed and, because of Rule 4(j), plaintiff's complaint must be dismissed without prejudice.

Plaintiff responds that because she amended her complaint, the 120 day time period for service must run from the filing of the amended complaint. Thus, plaintiff asserts, the motion to dismiss is premature because the time for service has not yet expired.

Plaintiff does not dispute that proper service was not made within 120 days, as is required by Rule 4(j). Plaintiff's complaint was filed April 20, 1993 and proper service of the original complaint, including hand delivery to the designee of the U.S. Attorney and by certified mail to the U.S. Attorney General, was never attempted, although plaintiff did mail the papers to the U.S. Attorney.

## II. *Law and Application*

■ Plaintiff urges that the issue of whether the 120 period for service of process should begin to run anew with the filing of an amended complaint was addressed by another district court in *Gear, Inc. v. L.A. Gear California, Inc.*, 637 F.Supp. 1323 (S.D.N.Y. 1986). In *Gear, Inc.* the court determined that when an amended complaint is filed which adds an additional defendant, the 120 time period for service begins to run anew, at least as to the time period for serving the new defendant.

Plaintiff notes that a panel of the Ninth Circuit reached the same conclusion in *McGuckin v. U.S.*, 918 F.2d 811 (9th Cir. 1990).. In *McGuckin* the United States argued that period for serving an amended complaint should be calculated to run from the time of filing of the original complaint. The *McGuckin* panel rejected that argument because such a holding would restrict the time available for adding defendants to within 120 days after commencement of the original lawsuit, thereby contradicting the relation back provisions of Rule 15(c). *McGuckin* at 813.

The Court is persuaded that following *Gear, Inc.* and *McGuckin* is particularly appropriate under the facts of this case. As was held in *McGuckin*, calculating the 120 days for proper service of an amended complaint from the time of the filing of the original complaint would effectively limit the time in which a plaintiff could amend his or her complaint to 120 days, in clear contradiction of Rule 15(c).[1]

The Court recognizes the government's concern that allowing amended complaints to serve as a substitute for proper service could allow a dilatory plaintiff an unwarranted means of wriggling free of Rule 4(j)'s command that, absent good cause, failure to serve the United States within 120 days mandates dismissal. However, the facts of this case do not trigger that concern. And this ruling must be limited to these narrow facts. Here, the original complaint named the wrong parties as defendants, and was amended on the one hundred and sixteenth day

---

1. As noted in *Gear, Inc.*, giving a plaintiff a fresh 120 days to serve an amended complaint, at least as to the newly named defendant, does not prejudice the new defendant, even where the new defendant might have been named in the original complaint; the newly named defendant is protected by the applicable statute of limitation if plaintiff failed to diligently investigate the proper parties to the suit. *Gear, Inc.* at 1326. The Court also notes that Rule 4(j) by its terms does not limit "complaint" to the original complaint.

after it was filed to correct that error. The Court finds that the fact that original complaint named the wrong parties constitutes good cause for failing to serve it within 120 days. Service of the defective complaint could have been achieved, but it would have been utterly pointless.

The Court notes that because there is good cause for the failure to effect proper service of the original but defective complaint, this case is distinguishable from the facts in *Diversified Marine International, Inc. v. United States*, 774 F.Supp. 1005, 1008 (E.D.La. 1991). In *Diversified* the original complaint was not served within 120 days, and there was no showing of good cause for that failure; thus, in a sense, there was nothing for plaintiff to amend because the original complaint itself was properly dismissed.

■ The fact that *Diversified* was not a case of good cause for failure to serve, as this case is, emphasizes the limited scope of this ruling: only where the original complaint was served within 120 days, or there is good cause for the failure to do so, does the filing of an amended complaint give one a fresh 120 days to serve the amended complaint.

The government's reliance on *Patterson v. Brady*, 131 F.R.D. 679, 683 (S.D.Ind.1990) for the proposition that Rule 4(j) mandates dismissal of an amended complaint served more than 120 after the filing of the original complaint is wholly unpersuasive. *Patterson*'s statement that Rule 4(j) states that the time for calculating the 120 day time period for service runs from the filing of the "complaint," and not the filing of an *amended* complaint, is simply contrary to the simple statutory text, which makes absolutely no limiting reference to the original complaint. Surely an amended complaint is also a "complaint." Of equal importance, *Patterson*'s observations on Rule 4(j)'s requirement of dismissal are merely dicta. The court actually found good cause for the failure to serve, and did not dismiss plaintiff's complaint.[2]

Accordingly, the government's motion to dismiss is DENIED.

---

**2.** The government's reliance on *Del Raine v. Carlson*, 826 F.2d 698, 705 (7th Cir.1987) is also misplaced. *Del Raine* specifically states that the failure to meet the 120 day deadline for service of the original complaint could be excused for good cause, and did not hold that the mere fact that an amended complaint was served more than 120 days after the filing of the original complaint mandates dismissal. In addition, *McGregor v. United States*, 933 F.2d 156 (2nd Cir.1991) is factually inapposite: the court held there was no good cause for failing to serve the initial complaint. *Id.* at 159–160.