**Monique DOLLONNE, Plaintiff—Appellant,**

v.

**VENTURA UNIFIED SCHOOL DISTRICT, acting by and through its officials; Michele Dean, as an individual and in her official capacity as Princi-**

---

* The Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

pal of Montalvo Elementary School; Richard Morrison, Ventura Unified School District Assistant Superintendant of Human Resources, as an individual and in his official capacity, Defendants—Appellees.

No. 06–55990.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 12, 2008.

Filed April 1, 2008.

Richard J. Kahdeman, Esq., Kahdeman Nickel & Frost, Westlake Village, CA, for Plaintiff–Appellant.

Korman Dorsey Ellis, Esq., Korman Dorsey Ellis Law Offices, Edwin K. Loskamp, Esq., Loskamp & Wohlgemuth, Ventura, CA, for Defendants–Appellees.

Before: B. FLETCHER and N.R. SMITH, Circuit Judges, and KING *, District Judge.

MEMORANDUM **

Monique Dollonne ("Dollonne") appeals the district court order dismissing her complaint without leave to amend. We have jurisdiction pursuant to 28 U.S.C. § 1291. We vacate the order and remand so that Dollonne can amend her complaint.

On June 12, 2006, the district court entered the order dismissing Dollonne's complaint and terminating the case. This was only 108 days after the complaint was filed, and before all of the named defendants had been served. At the hearing on the motion to dismiss, the district court orally granted the motion but did not specify whether it was doing so with or without prejudice. The three-sentence order, prepared by defendants' counsel and signed

* The Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

by the district court, stated that the case was dismissed without leave to amend, but did not provide any reasoning.

■ We review a dismissal without leave to amend for abuse of discretion. *Smith v. Pac. Props. & Dev. Corp.*, 358 F.3d 1097, 1100 (9th Cir.2004). A district court abuses its discretion if it bases its denial on an inaccurate view of the law. *Id.* (noting that the underlying legal determinations are reviewed de novo). A plaintiff can amend her complaint once as a matter of right before a responsive pleading is served. Fed.R.Civ.P. 15(a)(1)(A).[1] Because no responsive pleading was filed in this case, the district court abused its discretion when it dismissed the complaint without leave to amend. *Doe v. United States*, 58 F.3d 494, 497 (9th Cir.1995) (noting that a motion to dismiss is not a responsive pleading).

■ It was also error to dismiss the complaint against defendant Donald Austin because Dollonne still had 12 days in which to serve him. Fed.R.Civ.P. 4(m) (providing plaintiff 120 days to serve the complaint upon each defendant before the district court can, with notice to the plaintiff, dismiss the action against a defendant that has not been served). On remand, Dollonne will have 120 days from the date the amended complaint is filed to serve all of the defendants. *Cf. McGuckin v. United States*, 918 F.2d 811, 813 (9th Cir.1990) (holding that the 120–day limit under then-existing Rule 4(j) must be construed as running from the date of filing of the amended complaint).

**VACATED AND REMANDED.**

---

1. Citation is to the version of the Federal Rules that went into effect on December 1, 2007. This version is substantively identical to the prior version.