**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

ALISHA R. SILBAUGH,
*Plaintiff-Appellant*,

v.

ELAINE L. CHAO, Secretary of the
Department of Transportation,
*Defendant-Appellee.*

No. 18-35756

D.C. No.
2:17-cv-01759-
RSM

OPINION

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, Chief District Judge, Presiding

Argued and Submitted July 12, 2019
Seattle, Washington

Filed November 14, 2019

Before: Danny J. Boggs,[*] Marsha S. Berzon,
and Paul J. Watford, Circuit Judges.

Opinion by Judge Watford

---

[*] The Honorable Danny J. Boggs, United States Circuit Judge for
the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

## SUMMARY[**]

**Fed. R. Civ. P. 15(c) Relation Back of Amendments**

The panel reversed the district court's dismissal of plaintiff's action alleging that the Federal Aviation Administration ("FAA") wrongfully terminated her employment.

Plaintiff filed her action in the district court within the 30-day limitations period set by statute, *see* 5 U.S.C. § 7703(b)(2), but she mistakenly named the FAA and her former supervisor as the defendants. Because plaintiff's suit alleged claims of discrimination under Title VII of the Civil Rights Act of 1964, plaintiff was required to name as the defendant the head of the executive agency to which the FAA belongs – Elaine Chao, the Secretary of Transportation. After the 30-day statute of limitations passed, the FAA moved to dismiss on the ground that plaintiff had named the wrong defendant. Plaintiff filed an amended complaint to substitute Secretary Chao as the defendant. The district court dismissed because it found that the amended complaint did not relate back to the date of the original complaint under the requirements of Fed. R. Civ. P. 15(c), and plaintiff's action was barred by the statute of limitations.

The panel held that plaintiff was entitled to relation back under Fed. R. Civ. P. 15(c)(2). Specifically, the panel held that the application of Rule 15(c)(2) to the facts of this case was straightforward. The panel further held that the district

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

court reached the opposite conclusion by adopting an overly technical interpretation of the term "process" as used in Rule 15(c)(2). The panel held that the notice-giving function of "process" under Rule 15(c)(2) was accomplished whether or not the summons accompanying the complaint was signed by the clerk of court.

In addition, the panel held that the requirements for relation back were met here where both the United States Attorney and the Attorney General were sufficiently notified of plaintiff's action within the 90-day period prescribed by Fed. R. Civ. P. 4(m). The panel noted that the record did not reveal whether plaintiff also sent a copy of the valid summons and the amended complaint to Secretary Chao. Because plaintiff properly served both the U.S. Attorney and the Attorney General, she was entitled to additional time to mail a copy of the summons and amended complaint to Secretary Chao if necessary. Fed. R. Civ. P. 4(i)(4)(A). The panel remanded for the district court to address that issue in the first instance.

---

## COUNSEL

Timothy Patrick O'Donnell, Mercer Island, Washington; Aaron V. Rocke, Rocke Law Group PLLC, Seattle, Washington; for Plaintiff-Appellant.

Teal Luthy Miller (argued) and Sarah K. Morehead, Assistant United States Attorneys; Annette L. Hayes, United States Attorney; United States Attorney's Office, Seattle, Washington; for Defendant-Appellee.

# OPINION

WATFORD, Circuit Judge:

This case involves a common problem in suits against officers or agencies of the United States: The plaintiff files her action within the statute of limitations, but discovers after the limitations period has expired that she named the wrong defendant. The problem arises with some frequency because a plaintiff may sue the federal government only if the United States waives its sovereign immunity, and Congress has in some instances conditioned such a waiver on the naming of a particular person or entity as the defendant. Those directives are not always intuitive. For certain types of claims, the plaintiff may be required to name the United States itself as the defendant, while for others the plaintiff may be required to name a designated government official, even though that official played no role in the events giving rise to the lawsuit. Failure to name the correct defendant can result in dismissal of the plaintiff's case.

Fixing a mistake of this sort is simple enough if the statute of limitations has not yet run, for the plaintiff can file a new action naming the correct defendant. But if the time for filing suit has passed, the plaintiff's claims will be time-barred unless the plaintiff can amend her complaint to add the correct defendant and have that amendment "relate back" to the original, timely filed complaint. Relation back of such amendments is the province of Rule 15(c) of the Federal Rules of Civil Procedure. The rule governs when an amendment that "changes the party . . . against whom a claim is asserted" will relate back to the date of the original complaint. Fed. R. Civ. P. 15(c)(1)(C). And it contains a specific provision—at issue here—that governs relation back "[w]hen the United States or a United States officer or

agency is added as a defendant by amendment." Fed. R. Civ. P. 15(c)(2).

The plaintiff in this case, Alisha Silbaugh, invoked Rule 15(c) because she named the wrong defendant in her lawsuit and did not discover the mistake until after the statute of limitations had expired. She sued the Federal Aviation Administration (FAA) after the agency terminated her employment and the Merit Systems Protection Board affirmed that decision. She filed her action in the district court within the 30-day limitations period set by statute, *see* 5 U.S.C. § 7703(b)(2), but she mistakenly named the FAA and her former supervisor as the defendants. Because Silbaugh's suit alleges claims of discrimination under Title VII of the Civil Rights Act of 1964, she was required to name as the defendant the head of the executive agency to which the FAA belongs. 42 U.S.C. § 2000e-16(c); *see* 5 U.S.C. §§ 101, 105. In this case, that person is Elaine Chao, the Secretary of Transportation.

After the 30-day statute of limitations had expired, the FAA moved to dismiss Silbaugh's action on the ground that she had named the wrong defendant. Silbaugh responded by immediately filing an amended complaint that dropped the FAA and her former supervisor as defendants and substituted in their place Secretary Chao. In light of that amendment, the district court struck the FAA's motion to dismiss as moot.

Secretary Chao then filed her own motion to dismiss. She argued that Silbaugh's action is barred by the statute of limitations because her amended complaint was filed outside the 30-day limitations period. Secretary Chao further argued that Silbaugh's amended complaint cannot relate back to the date of her original complaint because the requirements for relation back under Rule 15(c) have not been met. The

district court agreed and dismissed Silbaugh's action with prejudice.

The only issue before us is whether relation back is permitted under Rule 15(c). The text of the provision provides in full:

> (c) Relation Back of Amendments.
>
> (1) *When an Amendment Relates Back.* An amendment to a pleading relates back to the date of the original pleading when:
>
>> (A) the law that provides the applicable statute of limitations allows relation back;
>>
>> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or
>>
>> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>>
>>> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and

(ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

(2) *Notice to the United States*. When the United States or a United States officer or agency is added as a defendant by amendment, the notice requirements of Rule 15(c)(1)(C)(i) and (ii) are satisfied if, during the stated period, process was delivered or mailed to the United States attorney or the United States attorney's designee, to the Attorney General of the United States, or to the officer or agency.

Fed. R. Civ. P. 15(c). As explained below, we conclude that Silbaugh is entitled to relation back under subsection (c)(2), which obviates any need for us to decide whether she would be entitled to relation back under subsection (c)(1).

Before parsing the language of the rule, it is helpful to bear in mind the rule's overriding purpose. The provisions of Rule 15(c) are aimed at "the elimination of unjust dismissals" resulting from pleading mistakes that cause no prejudice to the defendant. *Miles v. Department of the Army*, 881 F.2d 777, 783 n.4 (9th Cir. 1989). If the conditions specified in subsection (c)(1)(C) are satisfied, the defendant brought in by amendment will be no worse off, in terms of her ability to defend the action, than if she had been named as a defendant initially. She will have received adequate notice of the action within the period allowed for service of the summons and complaint, and she will have realized (or had a basis for realizing) that the action would have been

brought against her but for the plaintiff's inadvertent mistake. The plaintiff, by contrast, would suffer extreme prejudice—dismissal of the action as time-barred—if the amendment were not allowed to relate back to the date of the original complaint. In these circumstances, the drafters of the rule concluded, "to deny relation back is to defeat unjustly the claimant's opportunity to prove his case." Advisory Committee's Notes on 1966 Amendments to Fed. R. Civ. P. 15(c), 39 F.R.D. 69, 83 (1966).

The same rationale—absence of any prejudice to the defendant but potentially severe prejudice to the plaintiff— underlies the government-specific rule in subsection (c)(2). That rule applies when the party to be added as a defendant is the United States or one of its officers or agencies. It provides that the notice requirements of subsection (c)(1)(C) are satisfied if "process" was delivered or mailed to one of several government officials during the period permitted for service of the summons and complaint under Rule 4(m)— *i.e.*, within 90 days after the complaint is filed. When that condition is satisfied, a responsible government official will have received notice of the plaintiff's action and will be aware that the plaintiff seeks to sue the government even if she has named the wrong defendant. In other words, the government will have been "put on notice of the claim within the stated period," *id.*, thereby negating any prejudice the government might have suffered as a result of the plaintiff's pleading error.

The application of Rule 15(c)(2) to the facts of this case is straightforward. No one disputes that the provision applies here, as Silbaugh's amended complaint seeks to add "a United States officer"—Secretary Chao—as a defendant. To satisfy the requirements for relation back, Silbaugh needed to deliver or mail "process," within the 90-day period

permitted under Rule 4(m), to one of the following officials: the United States Attorney for the Western District of Washington; the Attorney General of the United States; or Secretary Chao herself. Rule 15 does not define the term "process," but it is commonly understood in this context to mean a copy of the summons and complaint. *See Miles*, 881 F.2d at 782; *cf.* Fed. R. Civ. P. 4(c)(1). It is undisputed that Silbaugh mailed a copy of the summons and complaint to both the United States Attorney and the Attorney General within the 90-day period permitted under Rule 4(m). It would seem, then, that the requirements for relation back under Rule 15(c)(2) have plainly been met.

The district court reached the opposite conclusion by adopting what we regard as an overly technical interpretation of the term "process" as used in Rule 15(c)(2). The court held that Silbaugh's mailing of the summons and complaint did not count as "process" because the summons she sent was not signed by the clerk of court. It is true that service of a valid summons is necessary before the district court may exercise personal jurisdiction over the defendant, and to be valid a summons must indeed be signed by the clerk. *Omni Capital International, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987); *Ayres v. Jacobs & Crumplar, P.A.*, 99 F.3d 565, 568–69 (3d Cir. 1996); Fed. R. Civ. P. 4(a)(1)(F). But if a summons contains the information otherwise required by Rule 4(a)(1), we do not think the absence of the clerk's signature alone deprives the summons of its status as a component of "process" under Rule 15(c)(2). As discussed above, the rule's requirement that process be mailed or delivered to one of several specified officials is designed to ensure that "the government was put on notice of the claim within the stated period." Advisory Committee's Notes on 1966 Amendments to Fed. R. Civ. P. 15(c), 39 F.R.D. at 83. The notice-giving function of "process" under subsection

(c)(2) is accomplished whether or not the summons accompanying the complaint has been signed by the clerk.

This interpretation of the term "process" best accords with our prior precedent interpreting Rule 15(c). Most on point is *Miles v. Department of the Army*. There, we interpreted an earlier version of the rule, which provided (much as it does today) that "[t]he delivery or mailing of process" to the United States Attorney or the Attorney General satisfies the notice requirements necessary to permit relation back. 881 F.2d at 781 n.3 (quoting the rule). The plaintiff in that case served a copy of the summons and complaint not on the United States Attorney or the Attorney General, but on the local Staff Judge Advocate's Office; that office then mailed the documents to the United States Attorney's Office. *Id.* at 779. We noted that even though the plaintiff himself had not mailed or delivered process to the United States Attorney, process had in fact been mailed to that official, thus ensuring that a responsible government official received adequate notice of the plaintiff's claim. *Id.* at 782–83. In holding that the requirements for relation back were therefore met, we stressed that "the central concern in determining whether an amendment to a pleading should relate back is not whether a particular service procedure is employed to place the government on notice, but rather whether the appropriate government official is *in fact* sufficiently notified of the action" within the required time period. *Id.* at 783.[1]

---

[1] At the time we decided *Miles*, Rule 15(c) required mailing or delivery of process within the period prescribed by the applicable statute of limitations. *See, e.g.*, *Romain v. Shear*, 799 F.2d 1416, 1419 (9th Cir. 1986) (per curiam); *Allen v. Veterans Administration*, 749 F.2d 1386, 1389 (9th Cir. 1984); *Cooper v. U.S. Postal Service*, 740 F.2d 714, 717

Our decision in *Miles* shows that the requirements for relation back were met here as well. Both the United States Attorney and the Attorney General were "in fact sufficiently notified" of Silbaugh's action within the 90-day period prescribed by Rule 4(m). To be sure, the test is not whether either of those officials became aware of the action through any means whatsoever. Unlike subsection (c)(1)(C), which permits relation back if the defendant received notice of the action through any means at all, including informal means, *see Miles*, 881 F.2d at 783, subsection (c)(2) requires notice through one specific means—the summons and complaint. But, as we said in *Miles*, "the drafter's clear lack of concern regarding whether formal procedures are employed to place the defendant on notice for purposes of the general notice provision [in subsection (c)(1)(C)] is highly relevant in determining whether formal notice should be required when the government notice provision is implicated." *Id.* at 783 n.4. That line of reasoning supports the conclusion that mailing or delivering the summons and complaint is sufficient to permit relation back under subsection (c)(2) even if, as a formal matter, the summons is deficient because it lacks the clerk's signature.

In sum, Silbaugh's mailing of the summons and complaint to either the United States Attorney or the Attorney General satisfied the requirements for relation back under Rule 15(c)(2), notwithstanding the fact that the summons was not signed by the clerk of court. Her amended

---

(9th Cir. 1984). The 1991 amendments to Rule 15(c) changed that requirement by specifying that the period permitted for service of process under Rule 4(m) governs instead. *See* 6A Charles Alan Wright *et al.*, Federal Practice and Procedure § 1498.1, at 132–33 (3d ed. 2010).

complaint naming Secretary Chao as the proper defendant therefore relates back to the date of her original complaint.

For the district court to exercise personal jurisdiction over Secretary Chao, however, Silbaugh must have served her with a valid, properly signed summons and the amended complaint. Under Rule 4(i), to effect service on Secretary Chao (who is sued here only in her official capacity), Silbaugh was required to mail or deliver a copy of a valid summons and the amended complaint to: (1) the United States Attorney for the Western District of Washington; (2) the Attorney General; and (3) Secretary Chao. *See* Fed. R. Civ. P. 4(i)(1)–(2). The record reflects that Silbaugh sent a copy of a valid summons and the amended complaint by registered mail to both the United States Attorney and the Attorney General within 90 days of filing her amended complaint. *See McGuckin v. United States*, 918 F.2d 811, 813 (9th Cir. 1990); Fed. R. Civ. P. 4(m). The record does not reveal whether Silbaugh also sent a copy of those documents to Secretary Chao within the authorized time period. Nonetheless, Rule 4(i)(4) states that the district court *must* grant a plaintiff additional time to effect service under Rule 4(i)(2) if the plaintiff has properly served either the United States Attorney or the Attorney General. Fed. R. Civ. P. (4)(i)(4)(A). Because Silbaugh properly served both of those officials within the period permitted under Rule 4(m), she is entitled to additional time to mail a copy of the summons and amended complaint to Secretary Chao if necessary. The district court may address that issue in the first instance on remand.

**REVERSED and REMANDED.**