**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

**FILED**

FOR THE NINTH CIRCUIT

MAR 12 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RODRICK GORDON DeROCK,<br><br>   Plaintiff - Appellant,<br><br> v.<br><br>SPRINT-NEXTEL et al.,<br><br>   Defendants - Appellees. | No. 12-35849<br><br>D.C. Nos.<br>1:11-cv-00619-BLW-LMB<br>1:12-cv-00024-BLW-LMB<br>1:12-cv-00168-BLW-LMB<br>1:12-cv-00169-BLW-LMB<br>1:12-cv-00176-BLW-LMB<br>1:12-cv-00177-BLW-LMB<br>1:12-cv-00301-BLW-LMB<br>1:12-cv-00305-BLW-LMB<br>1:12-cv-00316-BLW-LMB<br>1:12-cv-00339-BLW-LMB<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, Chief Judge, Presiding

Submitted August 26, 2014[**]

Before:  LEAVY, GRABER, and OWENS, Circuit Judges.

---

  [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

  [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  Fed. R. App. P. 34(a)(2).

In these consolidated ten cases, Rodrick Gordon DeRock appeals pro se from the district court's judgment dismissing his actions arising out of an ongoing rental dispute. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998) (order) (dismissal under 28 U.S.C. § 1915(e)(2)); Tripati v. First Nat'l Bank & Trust, 821 F.2d 1368, 1369 (9th Cir. 1987) (determination that a complaint lacks arguable substance in law or fact). We affirm nine cases, and in case number 1:12-cv-00024, we affirm in part, reverse in part, and remand.

The district court properly dismissed nine of DeRock's actions either as frivolous or for failure to state a claim because DeRock alleged unsupported legal conclusions and fanciful factual allegations in his complaints. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (internal quotation marks omitted)); Neitzke v. Williams, 490 U.S. 319, 325 (1989) (under § 1915(e)(2), a "frivolous" claim lacks an arguable basis either in law or in fact; "[the] term 'frivolous' . . . embraces not only the inarguable legal conclusion, but also the fanciful factual allegation").

The district court did not abuse its discretion in denying leave to amend in all of the actions other than DeRock v. Boise City, 1:12-cv-00024-BLW-LMB,

because amendment would have been futile. See Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (setting forth standard of review and explaining that leave to amend should be granted unless the pleading could not possibly be cured).

In DeRock v. Boise City, 1:12-cv-00024-BLW-LMB, the district court did not abuse its discretion in denying leave to amend DeRock's conspiracy claims against defendant Boise City/Ada County Housing Authority. *See id.* However, leave to amend DeRock's disability discrimination claims against defendant Boise City/Ada County Housing Authority should have been granted because amendment was not necessarily futile. See O'Guinn v. Lovelock Corr. Ctr., 502 F.3d 1056, 1060 (9th Cir. 2007) (setting forth elements of a claim for failure to accommodate under Title II of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act); McGary v. City of Portland, 386 F.3d 1259, 1262 (9th Cir. 2004) (setting forth elements of a claim for failure to accommodate under the Fair Housing Amendments Act of 1988). As a pro se litigant, DeRock should have received notice of any defects in his disability discrimination claims and an opportunity to amend. See Lopez, 203 F.3d at 1130–31. It appears that DeRock may be attempting to allege that he suffered from a qualifying disability and that the Boise City/Ada County Housing Authority failed to reasonably accommodate that disability when it refused to waive the rent on his therapeutic bedroom. See

McGary, 386 F.3d at 1262, 1265. Accordingly, we reverse and remand as to DeRock's disability discrimination action against defendant Boise City/Ada County Housing Authority so that DeRock may receive notice of any defects and an opportunity to amend with the benefit of that notice. On remand, the district court should also consider the merits of DeRock's motion for appointment of counsel, which it previously denied as moot. See Miles v. Dep't of Army, 881 F.2d 777, 784 (9th Cir. 1989) (district court must rule on a motion to appoint counsel before granting a party's motion to dismiss).

Moreover, the pre-filing restriction that the district court entered against DeRock was not narrowly tailored to DeRock's vexatious filing of lawsuits regarding his rental dispute and his re-litigation of previously dismissed claims. See De Long v. Hennessey, 912 F.2d 1144, 1146–48 (9th Cir. 1990) (setting forth standard of review and discussing the four factors for imposing pre-filing restrictions). On remand, the district court may enter another pre-filing order consistent with this disposition.

We reject DeRock's contentions concerning the denial of his motion for phone records and the district court judge's alleged involvement in a cover-up or conspiracy against him.

We treat DeRock's letter filed on June 5, 2013, as a request for injunctive

4

relief and deny it.

In case number 1:12-cv-00024, we **AFFIRM in part, REVERSE in part, and REMAND.**  The remaining cases are **AFFIRMED**.  The parties shall bear their own costs on appeal.